NORMAN W. SWANSON, HENRY F. MURRAY, CARL L. WHITNEY, WILLIAM E. NICHOLSON, III, CHARLES A. DANCY, MELVIN F. EYERMAN, IRA N. SCHWARZ, JOHN L. POWELL, JR., GALINA ELWORTH, DONALD V. WALLACE, WILLIAM E. DENTON, ROBERT A. NISBET, WALTER J. BARTNIKOWSKI, RALPH P. HUNT, MARION B. ZOLLICOFFER, WILLIAM H. TALBERT, BILLY CLARK, WALLACE M. DAVIS, GRADY L. STRANGE, HAMILTON M. HOWE, MARY L. PRITCHARD, ROBERT B. CAMPBELL, BROWNING ADAMS, PRITCHARD G. ADAMS, WILLIAM H. ADAMS, EDWARD H. AND FLOSSIE P. ALLEN, JOSEPH A. ALLEN, RACHEL C. ALLRED, HELEN L. AND LEO I. ANCTIL, RONALD E. ANDERSON, CLARENCE P. ARMSTRONG, CARROLL W. AUSTIN, F. L. AUSTIN, JR., DONALD P. BAHR, PAUL BALLUS, CHARLES D. BARKER, SR., WALTER E. BARKHOUSE, EDWARD C. BARRET, JAMES L. BAXTER, RUSSELL W. BEARD, BERNARD L. BEATTY, RICHARD K. BELL, LEO E. BENADE, SHERMAN W. BETTS, JOSEPH H. BETZ, ROBERT L. BLEVINS, FRANKLIN M. BLUNT, TIMOTHY C. BOLICK, MARGARET C. BOONE, HENRY A. BOTKIN, ALEX BOURDAS, OLA MAY (TATE) BOVENDER, EUGENE A. BOWEN, LAVAUNE K. BREDA, MARLOWE G. BREDA, TROND G. BREKKE, LAURA B. BRENDLE, MILLARD BRIDGERS, CLARENCE M. BRIDGES, DORIS K. BRIDGES, CYRUS H. BROOKS, JR., DANIEL R. BROWN, K.A. BROWN, WILLIAM D. BROWN, BETTY P. BULLOCK, ROBERT S. BULLOCK, FINDLEY BURNS, JR., RAY G. BURRELL, RICHARD E. BUSH, JAMES M. BYRNE, NORMAN L. CARLTON, MATTHEW E. CARMEAN, FRANK CATES, J. CRAWFORD CATON, HARRY E. CHAMBERLAIN, VINCENT H. CHASE, PAUL F. CHAVEZ, WOODROW H. CHILDRESS, JOHN G. CHURCH, HERMAN L. CLANTON, ROBERT L. CLARKE, CHARLES C. CLAUSEN, SR., DENNIS E. CLECKNER, STEVE P. CLEMENIC, LACY W. COATES, RUCIA A. COBB, JAMES A. CODDINGTON, CATHERYN S. COLEY, LAURA K. CONDER, JAMES C. CONINE, MARSHALL G. COOPER, ASBURY COWARD, III, NEWTON P. COX, RUTH A. COX, BURNETTE E. CREASMAN, THOMAS J. CULKIN, HAZEL B. CURLEE, MILTON L. DAIL, BEATRICE G. DAVIS, BERNLEY S. DAVIS, DONALD M. DAVIS, ESSIE M. DAVIS, GEORGE E. DAVIS, ROBERT J. DAVIS, CLIFFORD H. DAWSON, CALVIN F. DEAN, ORIEN G. DEAN, JR., JACK M. DEATON, VIOLET B. DEITMARING, ARLEN J. DEVITO, JOHN E. DEVLYN, SARA E. DEVLYN, JOY E. DICKINSON, MRS. LEROY B. DICKINSON, JAMES E. DIFFEE, DELBERT R. DILLON, MARGARET H. DOPF, RAYMOND E. DOPF, LEROY M. DUFFY, CHARLES F. DUPONT, BOBBY R. EASON, DAVID EDMISTEN, CARL L. EFFLER, JOHN H. ELDER, JR., JOHN R. ELLIS, MANFORD G. FARR, RITA FESTO, JOHN J. FILAN, ANGELO A. FLORENTINO, ROBERT W. FOLDEN, OSCAR F. FOWLER, MELVIN W. FRITZ, WALTON E. FULCHER, ROBERT C. FULLER, WALTER E. FULLER, FRANK W. FURCHES, NORMAN CARL GADDIS, MARSHALL L. GADDY, THOMAS B. GARDINER, ROBERT F. GEISSLER, WILLIAM E. GENTNER, JR., THOMAS P. GINN, ROBERT W. GOODMAN, JOHN R. GORDON, BERNICE C. GRANDY, JR., STEVEN W. GRANDY, ROBERT J. GREEN, MICHAEL R. GREESON, JAMES H. GRIFFIN, THOMAS M. GROOME, JR., JAMES W. GROSS, ARTHUR S. GUNDERSON, HERT L. HANCOCK, JR., JAMES M. HARDIN, C. LEE HARRIS, HOWARD W. HARRIS, PAUL H. HARVEY, ROLAND R. HATCHER, HENRY S. HEFFLEY, JR., CARROLL A. HEFNER, CLARENCE

## SWANSON v. STATE OF NORTH CAROLINA

[329 N.C. 576 (1991)]

J. HENSLEY, JR., RICHARD M. HERIOT, DORIS T. AND NOVIS S. HERRING, VIRGINIA R. HILDEBRAND, MOZELLE L. HINSHAW, HERMAN J. HIPPS, RUFUS M. HODGIN, DONALD R. HOFFMAN, CHARLES K. HOFFMEYER, MARY R. HOLLAND, EDGAR P. HOLT, RAY HOMESLEY, NED A. HOOD, ROBERT H. HOOD, STEPHEN W. HOPKINS, CLYDE L. HOWARD, JR., KEVIN G. HUGHES, HARVEY R. HURST, SAM P. HYATT, JOHN L. IRBY, MATTIE B. IVES, FRANCIS JACOBS, RICHARD L. JARRETT, JACQUELINE M. JENNINGS, WOODROW W. JONES, DONALD L. JORGENSON, KENNETH R. JOSEPH, PATSIE W. JOSEPH, EVERETTE R. KELLER, BERNARD J. KELLEY, WILSON P. KEMP, HOWARD LEE KERR, MARGARET C. KERR, WILLIAM S. KETNER, DAVID L.G. KING, THOMAS M. KING, JR., EVELYN W. KINNEY, JOHN E. KIRK, PAUL E. KIRKLAND, SR., RAYMOND B. KLEBER, GEORGE M. KNOBL, JR., WILLIAM F. KNOPF, MAX V. KREBS, WILLIAM J. KUHN, JR., JAMES M. LANGSTON, JR., JANE W. LANGSTON, ELMER L. LASHUA, JOHN L. LATHAM, DANIEL M. LAUDERBACK, AUGUST R. LAWRENCE, FREIDA H. AND NORWOOD P. LEWIS, HENRY G. AND DOROTHY J. LILES, WALTER E. LINTHICUM, PHYLLIS V. LIPPARD, GEORGE LOTT, ROBERT P. LUCAS, ALLEN M. MABE, THOMAS S. MACELUCH, WILLIAM F. MARCUSON, JR., WARNER G. MAUPIN, LYLTON E. MAXWELL, OLIVER A. MAYS, ANDREW G. MAYSE, SAMUEL S. McCACHREN, ELIZABETH S. McCASKILL, ELIZABETH G. McDONALD, CLYDE W. McKIRK, DONALD D. McGUIRE, NORMAN H. McLAUGHLIN, DOY K. McPHAIL, WILLIAM RAY MEDLIN, JR., ERNEST E. MILLER, MARGARET H. MILLER, EDGAR N. MILLINGTON, HAROLD J. MITCHENER, EUGENE E. MOODY, DOROTHY C. MOORE, JAMES C. MOORE, JR., LUCIE E. MOORMAN, ROBERT M. MOOSE, JACK B. MORRIS, REGENA E. MORRISON, STANLEY B. MORSE, WOODFORD T. MOSELEY, GEORGE R. MUSE, R.J. NETTLES, THOMAS G. NEWPORT, JOHN E. NITSCHE, ALFRED P. NORWOOD, JOHNNIE M. OCHOA, ELVIN E. OGLESBY, OLIVER G. OJA, RUSSELL E. OLSON, LLOYD A. OSBORNE, PAUL B. OSGOOD, WILLIAM C. PAGE, LEE R. PARAMORE, LEWIS W. PATE, CHARLES R. PATTON, VERNON J. PEEBLES, W.W. PEGUES, MARY E. AND JOHN D. PENN, ELLIOTTE T. PERKINS, JR., WILLIAM H. PERRY, JR., PAUL J. PHILLIPPI, RICHARD L. PHILLIPS, RUBY A. PHILLIPS, FRANK J. PIAZZA, SR., DALLAS PICKARD, JR., GEORGE A. PINTER, EDWARD W. PIPER, FREDERICK H. PLESS, R.F. HOKE POLLOCK, JR., LEWINGTON S. PONDER, ELBERT Y. POOLE, JENNETTE C. POOLE, MARTHA BOYCE POTEAT, EDWIN H. PRICE, CHARLES R. PUGH, DANIEL J. QUESENBERRY, MILTON H. QUINN, LOUISE M. RABBINO, THOMAS M. RAMSEY, JACK G. RAY, MARSHALL G. RAY, HAZEL S. REDMON, GEORGE R. REINHART, III, ANNIE E. RENKEL, MADGE O. REYNOLDS, FRANKLIN E. RICHARDSON, JR., ALLEN W. RIGSBY, GEORGE M. ROBERTS, JENNINGS B. ROBINSON, JAMES P. ROTH, PHIFER P. ROTHMAN, HAROLD E. RUBLE, HILDA H. RULTENBERG, DONALD E. RUSSELL, GEORGE W. SABO, LYLE E. SAMSON, ROBERT L. SCHEER, FREDERICK L. SCHUERMAN, SR., ROBERT J. SCHULLERY, ELWOOD M. SHAULIS, ROBERT T. SHERIDAN, STANLEY T. SHIPLEY, CHARLES B. SHIVELY, CHARLES A. AND RUTH M. SHUE, JR., ELSIE N. AND FREDERICK E. SIMMONS, MARY B. SIMPSON, MANUEL F. SIVERIO, JOSEPH A. SIZOO, EVELYN S. SMITH,

## SWANSON v. STATE OF NORTH CAROLINA

[329 N.C. 576 (1991)]

GEORGE B. SMITH, JAMES A. SMITH, JAMES E. SMITH, JAMES P. SMITH, JOE F. SMITH, PERCY H. SMITH, JOSEPH L. SOMMER, RAY H. SPANGLER, JAMES A. SPRANKLE, WILEY L. STANDIFER, JR., JAMES W. STARBUCK, GERTRUDE D. STARLING, STACY J. STARLING, HENRY C. STEED, JR., ROY C. STEELEY, ARTHUR L. STEWART, BURLENA J. STEWART, JOHN R. STEWART, JR., GEORGE W. STILLWAY, RITA M. STILLWAY, HAROLD E. STONE, CLYDE DALTON STOWE, HARRY H. STRUNK, E.C. STUMPF, THOMAS A. SUMMEY, JR., ELLIS G. SUMNER, LEO B. AND MILDRED Y. SUMNER, MARGARET K. SWINK, JAMES E. SYKES, OLIVER B. TALBERT, JAMES D. TERRELL, CLYDE E. AND EMOGENE M. THOMPSON, FRED L. TRACY, ROCCO H. TROMBELLO, JOHN G. TRUITT, JR., WILLIAM H. TURK, JAMES T. VANCE, FRANCES A. VANDEN, GEORGE W. VANDEN, ETHEL D. VANHORN, EDWARD J. VAUGHN, EDWARD VENKLER, ROY L. VICK, SR., KERMIT J. VINSON, MYRTLE H. VINSON, WILLIAM E. WADE, FLOYD H. WALDROP, WANDA E. WALLACE, ROLAND J. WEBER, GRACE F. WEINER, LONA C. WEISNER, LAWRENCE O. WELCH, PAUL B. WELCH, JR., GEORGE L. WESTERLIND, WILLIAM B. WHITE, T.M. WHITTINGTON, JR., GEORGE W. WILKINS, ROBERT S. WILLIAMS, JR., WILLIAM C. WILLIAMS, WINTON H. WILLIAMS, HAROLD P. WILLIAMSON, EDNA MAE WILSON, ROBERT GRAVES WILSON, JR., ERNEST G. WINSTEAD, PETER S. WONDOLOWSKI, ROBERT V. WOOD, MAYNARD B. AND EVELYN W. WOODBURY, JACK R. WORLEY, JOHN T. WORRELL, GEORGE T. WORRELL, GEORGE E. YALE, JR., AND WILLIAM P. YARBOROUGH, INDIVIDUALLY FOR THE BENEFIT AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, CLASS A PLAINTIFFS, CHARLES L. BERRY, ROBERT D. LENNON, ZEBULON V. MOSELEY, III, GARY W. O'NEAL, MILTON S. PRICE, MARTIN L. SPEICHER AND PAUL H. TURNEY, INDIVIDUALLY AND FOR THE BENEFIT AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, CLASS B PLAINTIFFS v. THE STATE OF NORTH CAROLINA, HELEN A. POWERS, INDIVIDUALLY AS SECRETARY OF THE NORTH CAROLINA DEPARTMENT OF REVENUE, THE NORTH CAROLINA DEPARTMENT OF REVENUE AND HARLAN BOYLES, TREASURER OF THE STATE OF NORTH CAROLINA, DEFENDANTS

No. 64PA91

(Filed 14 August 1991)

1. **Taxation § 28.4 (NCI3d) — income tax — exemption of state employee pensions — taxation of federal employee pensions — unconstitutionality — nonretroactivity of U. S. Supreme Court decision**

Applying the three-prong test of *Chevron Oil Co. v. Huson*, 404 U.S. 97, 30 L. Ed. 2d 296 (1971), the decision of the U. S. Supreme Court in *Davis v. Michigan Dept. of Treasury*, 489 U.S. 803, 103 L. Ed. 2d 891 (1989), holding unconstitutional a scheme of taxation exempting the pensions of retired state

SWANSON v. STATE OF NORTH CAROLINA

[329 N.C. 576 (1991)]

employees from state taxation while not exempting pensions of retired federal employees similarly situated, is not to be applied retroactively. Therefore, plaintiff federal pensioners and federal military personnel are not entitled to a refund of state taxes they paid on federal pensions and military pay prior to the *Davis* decision when retirement benefits for state employees were exempt from state taxation and there was a $1,500 deduction for National Guard compensation.

**Am Jur 2d, State and Local Taxation §§ 508, 608, 609.**

2. **Taxation § 28.4 (NCI3d) — taxes on federal pensions — right to refund — nonretroactivity of U. S. Supreme Court case — sufficiency of pleading and presenting to superior court**

If the *Chevron* rule of nonretroactivity is an affirmative defense which must be pled in plaintiffs' action for refund of state taxes paid on federal pensions, defendants properly pled this defense by alleging that plaintiffs are not entitled to retroactive relief under *Davis v. Michigan Dept. of Treasury.* If the rule of *Chevron* is part of the law governing the right of plaintiffs to a refund and not a new matter which must be pled as an affirmative defense, defendants sufficiently argued it to the superior court when they argued that plaintiffs are not entitled to a refund.

**Am Jur 2d, State and Local Taxation §§ 508, 608, 609.**

3. **Taxation § 28.4 (NCI3d) — federal pensions — refusal to refund taxes — no waiver by State**

The State did not waive its right to refuse to refund taxes paid by plaintiffs on federal pensions by making refunds to other federal pensioners. N. C. Const. art. V, § 2(1).

**Am Jur 2d, State and Local Taxation §§ 508, 608, 609.**

4. **Taxation § 28.4 (NCI3d) — taxes on federal pensions — no statutory right to refund**

Plaintiffs are not entitled to refunds of taxes paid on federal pensions under statutes allowing them to sue for refunds because the decision of *Davis v. Michigan Dept. of Treasury* will not be applied retroactively, and the taxes were thus not improperly collected.

**Am Jur 2d, State and Local Taxation §§ 508, 608, 609.**

Justice MITCHELL dissenting.

Chief Justice EXUM and Justice FRYE join in this dissenting opinion.

SWANSON v. STATE OF NORTH CAROLINA

[329 N.C. 576 (1991)]

ON discretionary review pursuant to N.C.G.S. § 7A-31 prior to determination by the Court of Appeals of orders entered by *Currin, J.,* on 17 August 1990, 3 October 1990 and 31 December 1990 in Superior Court, WAKE County. Heard in the Supreme Court 7 May 1991.

This is an action by the plaintiffs for the refund of certain taxes paid by them prior to the decision of the United States Supreme Court in *Davis v. Michigan Dept. of Treasury,* 489 U.S. 803, 103 L.Ed.2d 891 (1989). Prior to this decision by the United States Supreme Court, which was filed on 28 March 1989, the pensions of retired employees of the State of North Carolina had been since 1941 exempt from income taxes imposed by the State. Retired federal government employees were exempted from payment of taxes on the first $3,000.00 on their pension benefits. There was no exemption for those who were beneficiaries of private pensions. Beginning in 1979 the first $1,500.00 of pay for members of the National Guard was excluded from taxation. In 1989 this was changed so that members of the National Guard received a $1,500.00 deduction. No comparable benefit was conferred on members of the federal armed forces.

Twenty-three states in 1989 exempted retired state employees from the payment of income taxes on the pension benefits paid to them in a manner similar to the tax scheme of North Carolina. In *Davis* the United States Supreme Court held that such a tax scheme violates 4 U.S.C. § 111 and is unconstitutional.

Following *Davis* the General Assembly of this state took several actions. First it repealed the tax exemption for the retirement benefits of state employees retroactive to 1 January 1989 and created a $4,000 exclusion for the retirement benefits of both state and federal employees. N.C.G.S. § 105-134.6(b) (1989). Second, it authorized federal retirees to claim a tax credit for taxes paid in 1988 on their federal pensions. N.C.G.S. § 105-151.20 (1989). Third, it repealed the $1,500.00 deduction for National Guard compensation. 1989 N.C. Sess. Laws, ch. 1002 (1990).

On 17 August 1990 Judge Currin issued an order certifying this as a class action consisting of two different classes: (1) federal pensioners who were denominated the Class A plaintiffs and (2) federal military personnel who were denominated the Class B plaintiffs. On 3 October 1990 Judge Currin allowed the plaintiffs' motion for partial summary judgment and ordered the State to refund

## SWANSON v. STATE OF NORTH CAROLINA

[329 N.C. 576 (1991)]

to the Class A plaintiffs income taxes paid on their federal retirement benefits for tax years 1985 through 1988. Judge Currin ordered the State to refund to the Class B plaintiffs all income taxes they had paid for the years 1986 through 1989 as a result of their not being afforded the $1,500.00 exemption which was given to the members of the National Guard. On 18 October 1990 the defendants gave notice of appeal. On 31 December 1990 Judge Currin issued what was denominated an order supplementing the order for partial summary judgment in which he ordered that interest be paid on the refunds from 15 April following the taxable year for which the tax was paid. He also ordered other things not pertinent to this appeal.

The defendants appealed.

*Charles H. Taylor and Womble, Carlyle, Sandridge & Rice, by G. Eugene Boyce, Donald L. Smith, Jasper L. Cummings, Jr., Wallace R. Young, Jr., and Michael J. Newman, for plaintiff appellees.*

*Lacy H. Thornburg, Attorney General, by Andrew A. Vanore, Jr., Chief Deputy Attorney General, Edwin M. Speas, Jr., Senior Deputy Attorney General, Thomas F. Moffitt, Special Deputy Attorney General, Marilyn R. Mudge, Assistant Attorney General, and Douglas A. Johnston, Assistant Attorney General, for the State appellant.*

*Robinson, Bradshaw and Hinson, P.A., by John R. Wester and David C. Wright III, for defendant appellant Helen A. Powers.*

WEBB, Justice.

[1] The first question posed by this appeal is whether the rule of *Davis* is to be applied retroactively. If it is not applied retroactively the defendants are not liable for refunds to the plaintiffs for taxes paid before *Davis* was decided on 28 March 1989 on federal pensions or military pay. It is a federal question as to whether the rule is to be applied retroactively. The United States Supreme Court has recognized that in some cases it would be inequitable to apply newly announced rules retroactively if prior to the enunciation of the rules parties had reasonably relied on certain principles in ordering their affairs. In such a case the rule is not applied retroactively.

In *Chevron Oil Co. v. Huson,* 404 U.S. 97, 30 L.Ed.2d 296 (1971), the United States Supreme Court held that a rule should

not be applied retroactively and said that in making this determination three factors should be considered as follows:

> First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied . . . or by deciding an issue of first impression whose resolution was not clearly foreshadowed . . . . Second, it has been stressed that "we must . . . weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." . . . Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity."

*Id.* at 106-107, 30 L.Ed.2d at 306.

In applying *Chevron* to this case we are helped by decisions in Virginia and South Carolina as well as an opinion by the United States Court of Appeals for the Fourth Circuit. *Harper v. Virginia Dept. of Taxation*, 241 Va. 232, 401 S.E.2d 868 (1991); *Bass v. State*, 302 S.C. 250, 395 S.E.2d 171 (1990); *Swanson v. Powers*, No. 90-1110, filed 25 June 1991. In fact situations very similar to the facts of this case the highest courts of Virginia and South Carolina held that *Davis* should not be applied retroactively. In *Swanson* some of the plaintiffs in this case brought a class action against the defendant Powers under 42 U.S.C. § 1983 seeking to hold her personally liable for the $140,000,000.00 they claimed they had overpaid in taxes. The Fourth Circuit Court of Appeals ordered that the case against the defendant Powers be dismissed on the ground she could not reasonably have foreseen the decision in *Davis* and was immune from being sued.

We examine initially the first prong of *Chevron*. *Davis* did not overrule a case but it was a case of first impression. The question then is whether its resolution was clearly foreshadowed. The exemption of state employees from taxation of their pensions had been in effect since 1941. This taxing scheme had received no challenge in court from anyone prior to the decision in *Davis*. Twenty-three states, including North Carolina, had similar plans. If the decision of *Davis* had been clearly foreshadowed we do not

SWANSON v. STATE OF NORTH CAROLINA

[329 N.C. 576 (1991)]

believe so many states would have adopted such plans. The Fourth Circuit Court of Appeals said "how the intergovernmental tax immunity doctrine and 4 U.S.C. § 111 applied to North Carolina's revenue statutes was anything but clearly established prior to *Davis*." We agree with the highest courts in Virginia and South Carolina as well as the Fourth Circuit Court of Appeals that the decision of *Davis* was not clearly foreshadowed. This satisfies the first prong of *Chevron*.

As to the second prong of *Chevron* the General Assembly has repealed the provisions of our tax system at which *Davis* was aimed. The retroactive application of *Davis* will have no effect on the operation of the principle which *Davis* would advance. The second prong of *Chevron* is satisfied.

As to the third prong of *Chevron* we can take judicial notice of the fact that this State is in dire financial straits. The refunds of taxes, as asked by the plaintiffs, will cost the State approximately $140,000,000.00. This would require a further increase in taxes or a further cut in services by the State. We believe the State acted reasonably under the law as it was then understood when it exempted the benefits of state pensioners from income tax and it excluded part of the pay of National Guardsmen. It would be inequitable to require the State to refund the taxes paid by federal pensioners and military personnel. This satisfies the third prong of *Davis*.

The plaintiffs contend that *James B. Beam Co. v. Georgia*, No. 89-680, filed 20 June 1991, and *American Trucking Assns. v. Smith*, --- U.S. ---, 110 L.Ed.2d 148 (1990), require that *Davis* be applied retroactively. *Beam* involved an action for the refund of taxes paid on alcoholic beverages to the State of Georgia. The United States Supreme Court had held that a similar Hawaiian tax statute violated the Commerce Clause of the United States Constitution. *Bacchus Imports, Ltd. v. Dias*, 468 U.S. 263, 82 L.Ed.2d 200 (1984). The United States Supreme Court held in *Beam* that the rule of *Bacchus* should be applied retroactively. In a plurality opinion Justice Souter said that because the judgment in *Bacchus* applied retroactively in that case, *stare decisis* required that it be so applied in all similar cases. For this reason *Chevron* did not apply in *Beam*. The rule of *Chevron* was not otherwise altered by Justice Souter's opinion and four other Justices affirmed their belief in the viability of the rule of *Chevron*.

SWANSON v. STATE OF NORTH CAROLINA

[329 N.C. 576 (1991)]

This case is distinguishable from *Beam* in that the Court in *Davis* did not pass on the question of retroactivity. Michigan conceded that a refund was appropriate and the United States Supreme Court was not faced with the question of the retroactivity of the rule. In order for a case to be precedent for another case the court in the first case must pass on the issue presented in the second case. *United States v. L. A. Tucker Truck Lines, Inc.,* 344 U.S. 33, 97 L.Ed. 54 (1952); *United States v. Mitchell,* 271 U.S. 9, 70 L.Ed. 799 (1926). The question of retroactivity was not determined in *Davis* and it may be determined in this case.

*American Trucking* dealt with the constitutionality of taxes imposed on trucks by the State of Arkansas. In a plurality opinion the United States Supreme Court held that pursuant to the rule of *Chevron, American Trucking Assns. v. Scheiner,* 483 U.S. 266, 97 L.Ed.2d 226 (1987), which held unconstitutional a similar tax by the State of Pennsylvania should not be given retroactive effect. Four justices dissented. In the dissenting opinion it was said that the Arkansas taxpayers were entitled to have the statute imposing the tax held to be unconstitutional. They said that the remedies to be granted depended on state law which had to comply with the United States Constitution. One justice concurred in an opinion which was not favorable to the application of the *Chevron* rule.

We might conclude from *American Trucking* that a majority of the Supreme Court is moving away from the nonretroactive application of constitutional decisions. We do not believe we should so conclude. In *Beam* the Court had an opportunity to say that the rule of *Chevron* should no longer be applied in civil cases and declined to do so. We do not believe we should anticipate a change in the law by the United States Supreme Court, but should adhere to the opinions as they are now written. We believe we have done so.

We are aware that the United States Supreme Court has vacated the judgments in the Virginia and South Carolina cases of *Harper* and *Bass* and remanded for further consideration in light of *Beam*. We believe *Beam* is clearly distinguishable from this case.

[2] The plaintiffs argue that the defendants did not plead the *Chevron* rule as an affirmative defense and did not argue it in the superior court. For these reasons, say the plaintiffs, the defendants cannot ask this Court to apply the rule.

## SWANSON v. STATE OF NORTH CAROLINA

[329 N.C. 576 (1991)]

An affirmative defense normally consists of new matter which the pleader contends will avoid the adverse party's claim regardless of whether the facts alleged by the adverse party may be proved. N.C.G.S. § 1A-1, Rule 8(c) (1990). *Roberts v. Heffner*, 51 N.C. App. 646, 277 S.E.2d 446 (1981). It may be that rather than new matter constituting an affirmative defense the rule of *Chevron* is simply a part of the body of law governing the determination as to whether the plaintiffs are entitled to a refund.

We do not have to determine whether the rule of *Chevron* must be pled as an affirmative defense. If it is necessary the defendants did so in their ninth defense which was as follows:

Retrospective relief is inappropriate for the reason that the acts complained of were performed in conformity with law as it then existed and the funds sought to be recovered were expended in the performance of governmental functions for the benefit of the citizens of this State, including plaintiffs.

By pleading no retroactive relief under *Davis* the defendants invoked the rule of *Chevron*.

The plaintiffs, relying on *River Birch Associates v. City of Raleigh*, 326 N.C. 100, 388 S.E.2d 538 (1990), *State v. Madric*, 328 N.C. 223, 400 S.E.2d 31 (1991), and *Greene v. Spivey*, 236 N.C. 435, 73 S.E.2d 488 (1953), also say that the defendants did not argue the rule of *Chevron* in the superior court and for that reason cannot argue it on appeal. If the rule of *Chevron* is part of the law governing the right of plaintiffs to a refund and not new matter which must be pled as an affirmative defense the defendants argued it to the superior court when they argued the plaintiffs were not entitled to a refund. If it is new matter which must be pled the defendants sufficiently alerted the superior court to this new matter by their ninth defense.

[3] The plaintiffs also argue that the defendants have waived the right not to apply *Davis* retroactively because refunds have been made to some federal pensioners. They say that by intentionally making some refunds they have waived the right to assert the *Chevron* defense on appeal. N.C. Const. art. V, § 2(1) provides:

The power of taxation shall be exercised in a just and equitable manner, for public purposes only, and shall never be surrendered, suspended, or contracted away.

SWANSON v. STATE OF NORTH CAROLINA

[329 N.C. 576 (1991)]

It is very difficult under this section for the State to waive its right to collect taxes. In *Henderson v. Gill, Comr. of Revenue*, 229 N.C. 313, 49 S.E.2d 754 (1948), an agent of the Revenue Department advised the taxpayer how sales taxes were to be reported for the sale of floral products. The taxpayer reported his taxes as he had been advised to do by the agent. The taxpayer was assessed for additional taxes. He asserted that the State was estopped from claiming these additional taxes because he had relied on the agent's instruction and had not collected sales taxes from customers as he could have done if he had been properly instructed by the agent. This Court held that the State was not estopped. We said, "the State cannot, by the conduct of its agents be estopped from collecting taxes lawfully imposed and remaining unpaid." *Id.* at 316, 49 S.E.2d at 756.

We hold that the State has not waived its right to refuse a refund of these taxes.

[4] The plaintiffs argue that regardless of whether the *Chevron* test is applied they are entitled to refunds under our statutes that allow them to sue for refunds. A refund under our statutes might be appropriate if the taxes were improperly collected. If *Davis* is applied only prospectively under *Chevron* the taxes were properly collected and no refund is due under our statutes or otherwise.

We have held that *Davis* does not apply retroactively. For that reason the plaintiffs are not entitled to refunds and we do not consider the question of whether this case was properly held to be a class action. We also do not consider what remedies would be available to the plaintiffs in the event *Davis* should be held to apply retroactively and whether such remedies comply with due process of law. *See McKesson v. Division of Alc. Bev.*, --- U.S. ---, 110 L.Ed.2d 17 (1990).

For the reasons stated in this opinion we reverse and remand to the Superior Court of Wake County for the entry of a judgment dismissing the action.

Reversed and remanded.

Justice MITCHELL dissenting.

I am convinced that the rule announced by the Supreme Court of the United States in *Davis v. Michigan Dept. of Treasury*, 489

U.S. 803, 103 L. Ed. 2d 891 (1989) must be applied retroactively, and that the majority errs in holding to the contrary. In *Davis*, the Supreme Court held that a scheme of taxation, exempting the pensions of retired state employees from state taxation while not exempting pensions of retired federal employees similarly situated, violates 4 U.S.C. § 111 and the constitutional doctrine of intergovernmental tax immunity. I believe that decision is fully retroactive and is the controlling precedent which must be applied in this case.

Assuming *arguendo* that the *Chevron* test is still valid, three factors must be considered in determining whether a constitutional ruling by the Supreme Court of the United States in a civil case will be applied retroactively. *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106-107, 30 L. Ed. 2d 296, 306 (1971). In the present case, all of those factors weigh in favor of retroactive application of *Davis*.

The first factor to be considered under *Chevron* is whether the decision to be applied has established "a new principle of law, either by overruling clear past precedent on which litigants may have relied . . . or by deciding an issue of first impression whose resolution was not clearly foreshadowed. . . ." *Id.* at 106, 30 L. Ed. 2d at 306. Clearly, the Supreme Court's decision in *Davis* did not overrule any past precedent. Further, the majority in *Davis* seems to have felt that its holding there — that imposing state taxes upon the pensions of federal retirees but not upon the pensions of similarly situated state retirees was unconstitutional — had been clearly foreshadowed under the constitutional doctrine of intergovernmental tax immunity. *See Davis*, 489 U.S. 803, 103 L. Ed. 2d 891.

The second factor under *Chevron* requires a consideration of the prior history of the rule announced by the Supreme Court, its purpose and effect, and whether retroactive application will further or retard the operation of the rule. *Chevron*, 404 U.S. 106-107, 30 L. Ed. 2d 306. Unlike my colleagues, I believe that retroactive application of the rule announced in *Davis* will further the operation of that rule. Surely, requiring the State to return money it has collected from one class of taxpayers in a discriminatory and unconstitutional manner will further the operation of the rule announced in *Davis* declaring that the very conduct engaged in by the State violates the Constitution of the United States.

The third and final factor to be considered under *Chevron* is whether retroactive application of the Supreme Court decision in question will produce "inequitable results." *Id.* at 107, 30

SWANSON v. STATE OF NORTH CAROLINA

[329 N.C. 576 (1991)]

L. Ed. 2d at 306. As to this factor, my colleagues take judicial notice of the fact that the State of North Carolina is currently experiencing hard financial times. For that reason, they conclude that it would be "inequitable" to require the State to refund the taxes it has unconstitutionally taken from the plaintiffs under color of state law.

I am unable to see the "inequity" involved in requiring the State to return any money it has unconstitutionally taken from the plaintiffs. In my view, the fact that the State is experiencing financial difficulties has little to do with whether it would be inequitable to require the State to refund the plaintiffs' money. Nothing in the record before us indicates that the plaintiffs, federal pensioners and military personnel, are experiencing any less financial difficulties than the State of North Carolina. Further, unlike the State, the plaintiffs do not have the power of taxation at their disposal when attempting to deal with their financial difficulties. There simply is nothing "inequitable" or wrong about ordering that the State not pick a taxpayer's pocket or in requiring it to return the money when it is caught doing so. I believe it is entirely equitable and just to apply the rule announced in *Davis* retroactively so as to require that the State return any taxes it has unconstitutionally collected from the plaintiffs.

For the foregoing reasons, I believe that all three factors to be considered under the *Chevron* test weigh heavily in favor of the plaintiffs and against the defendants. Therefore, if the *Chevron* test is still valid, *Davis* must be applied retroactively.

I note, however, that the continuing viability of the *Chevron* test has been brought into question by the decision of the Supreme Court of the United States in *James B. Beam Co. v. Georgia*, --- U.S. ---, --- L. Ed. 2d --- (1991). Nevertheless, I am convinced that, even if the *Chevron* test has been abandoned, the rule announced in *Davis* must be given fully retroactive application for whichever of the several reasons set forth by the various Justices in *Beam* ultimately prevails in the Supreme Court of the United States. *See generally, Beam, id.*

The plaintiffs here must receive the full benefit of the rule set forth in *Davis*, just as the plaintiffs in that case did. Therefore, I believe that the plaintiff taxpayers are entitled to have the Constitution of the United States, as interpreted by the Supreme Court

of the United States in *Davis*, applied to this case. I respectfully dissent from the decision of the majority to the contrary.

Chief Justice EXUM and Justice FRYE join in this dissenting opinion.