NORMAN W. SWANSON, HENRY F. MURRAY, CARL L. WHITNEY, WILLIAM
E. NICHOLSON, III, CHARLES A. DANCY, MELVIN F. EYERMAN,
IRA N. SCHWARZ, JOHN L. POWELL, JR., GALINA ELWORTH, DONALD
V. WALLACE, WILLIAM E. DENTON, ROBERT A. NISBET, WALTER
J. BARTNIKOWSKI, RALPH P. HUNT, MARION B. ZOLLICOFFER,
WILLIAM H. TALBERT, BILLY CLARK, WALLACE M. DAVIS, GRADY
L. STRANGE, HAMILTON M. HOWE, MARY L. PRITCHARD, ROBERT
B. CAMPBELL, BROWNING ADAMS, PRITCHARD G. ADAMS, WILLIAM
H. ADAMS, EDWARD H. AND FLOSSIE P. ALLEN, JOSEPH A. ALLEN,
RACHEL C. ALLRED, HELEN L. AND LEO I. ANCTIL, RONALD E.
ANDERSON, CLARENCE P. ARMSTRONG, CARROLL W. AUSTIN, F.L.
AUSTIN, JR., DONALD P. BAHR, PAUL BALLUS, CHARLES D. BARKER,
SR., WALTER E. BARKHOUSE, EDWARD C. BARRET, JAMES L. BAXTER,
RUSSELL W. BEARD, BERNARD L. BEATTY, RICHARD K. BELL, LEO
E. BENADE, SHERMAN W. BETTS, JOSEPH H. BETZ, ROBERT L.
BLEVINS, FRANKLIN M. BLUNT, TIMOTHY C. BOLICK, MARGARET
C. BOONE, HENRY A. BOTKIN, ALEX BOURDAS, OLA MAY (TATE)
BOVENDER, EUGENE A. BOWEN, LAVAUNE K. BREDA, MARLOWE
G. BREDA, TROND G. BREKKE, LAURA B. BRENDLE, MILLARD
BRIDGERS, CLARENCE M. BRIDGES, DORIS K. BRIDGES, CYRUS H.
BROOKS, JR., DANIEL R. BROWN, K.A. BROWN, WILLIAM D. BROWN,
BETTY P. BULLOCK, ROBERT S. BULLOCK, FINDLEY BURNS, JR., RAY
G. BURRELL, RICHARD E. BUSH, JAMES M. BYRNE, NORMAN L.
CARLTON, MATTHEW E. CARMEAN, FRANK CATES, J. CRAWFORD
CATON, HARRY E. CHAMBERLAIN, VINCENT H. CHASE, PAUL F.
CHAVEZ, WOODROW H. CHILDRESS, JOHN G. CHURCH, HERMAN L.
CLANTON, ROBERT L. CLARKE, CHARLES C. CLAUSEN, SR., DENNIS
E. CLECKNER, STEVE P. CLEMENIC, LACY W. COATES, RUCIA A.
COBB, JAMES A. CODDINGTON, CATHERYN S. COLEY, LAURA K.
CONDER, JAMES C. CONINE, MARSHALL G. COOPER, ASBURY COWARD,
III, NEWTON P. COX, RUTH A. COX, BURNETTE E. CREASMAN, THOMAS
J. CULKIN, HAZEL B. CURLEE, MILTON L. DAIL, BEATRICE G. DAVIS,
BERNLEY S. DAVIS, DONALD M. DAVIS, ESSIE M. DAVIS, GEORGE
E. DAVIS, ROBERT J. DAVIS, CLIFFORD H. DAWSON, CALVIN F. DEAN,
ORIEN G. DEAN, JR., JACK M. DEATON, VIOLET B. DEITMARING, ARLEN
J. DEVITO, JOHN E. DEVLYN, SARA E. DEVLYN, JOY E. DICKINSON,
MRS. LEROY B. DICKINSON, JAMES E. DIFFEE, DELBERT R. DILLON,
MARGARET H. DOPF, RAYMOND E. DOPF, LEROY M. DUFFY, CHARLES
F. DUPONT, BOBBY R. EASON, DAVID EDMISTEN, CARL L. EFFLER,
JOHN H. ELDER, JR., JOHN R. ELLIS, MANFORD G. FARR, RITA FESTO,
JOHN J. FILAN, ANGELO A. FLORENTINO, ROBERT W. FOLDEN, OSCAR
F. FOWLER, MELVIN W. FRITZ, WALTON E. FULCHER, ROBERT C.
FULLER, WALTER E. FULLER, FRANK W. FURCHES, NORMAN CARL
GADDIS, MARSHALL L. GADDY, THOMAS B. GARDINER, ROBERT F.
GEISSLER, WILLIAM E. GENTNER, JR., THOMAS P. GINN, ROBERT
W. GOODMAN, JOHN R. GORDON, BERNICE C. GRANDY, JR., STEVEN
W. GRANDY, ROBERT J. GREEN, MICHAEL R. GREESON, JAMES H.
GRIFFIN, THOMAS M. GROOME, JR., JAMES W. GROSS, ARTHUR S.
GUNDERSON, HERT L. HANCOCK, JR., JAMES M. HARDIN, C. LEE
HARRIS, HOWARD W. HARRIS, PAUL H. HARVEY, ROLAND R.
HATCHER, HENRY S. HEFFLEY, JR., CARROLL A. HEFNER, CLARENCE

## SWANSON v. STATE OF NORTH CAROLINA

[330 N.C. 390 (1991)]

J. HENSLEY, JR., RICHARD M. HERIOT, DORIS T. AND NOVIS S. HERRING, VIRGINIA R. HILDEBRAND, MOZELLE L. HINSHAW, HERMAN J. HIPPS, RUFUS M. HODGIN, DONALD R. HOFFMAN, CHARLES K. HOFFMEYER, MARY R. HOLLAND, EDGAR P. HOLT, RAY HOMESLEY, NED A. HOOD, ROBERT H. HOOD, STEPHEN W. HOPKINS, CLYDE L. HOWARD, JR., KEVIN G. HUGHES, HARVEY R. HURST, SAM P. HYATT, JOHN L. IRBY, MATTIE B. IVES, FRANCIS JACOBS, RICHARD L. JARRETT, JACQUELINE M. JENNINGS, WOODROW W. JONES, DONALD L. JORGENSON, KENNETH R. JOSEPH, PATSIE W. JOSEPH, EVERETTE R. KELLER, BERNARD J. KELLEY, WILSON P. KEMP, HOWARD LEE KERR, MARGARET C. KERR, WILLIAM S. KETNER, DAVID L.G. KING, THOMAS M. KING, JR., EVELYN W. KINNEY, JOHN E. KIRK, PAUL E. KIRKLAND, SR., RAYMOND B. KLEBER, GEORGE M. KNOBL, JR., WILLIAM F. KNOPF, MAX V. KREBS, WILLIAM J. KUHN, JR., JAMES M. LANGSTON, JR., JANE W. LANGSTON, ELMER L. LASHUA, JOHN L. LATHAM, DANIEL M. LAUDERBACK, AUGUST R. LAWRENCE, FREIDA H. AND NORWOOD P. LEWIS, HENRY G. AND DOROTHY J. LILES, WALTER E. LINTHICUM, PHYLLIS V. LIPPARD, GEORGE LOTT, ROBERT P. LUCAS, ALLEN M. MABE, THOMAS S. MACELUCH, WILLIAM F. MARCUSON, JR., WARNER G. MAUPIN, LYLTON E. MAXWELL, OLIVER A. MAYS, ANDREW G. MAYSE, SAMUEL S. McCACHREN, ELIZABETH S. McCASKILL, ELIZABETH G. McDONALD, CLYDE W. McKIRK, DONALD D. McGUIRE, NORMAN H. McLAUGHLIN, DOY K. McPHAIL, WILLIAM RAY MEDLIN, JR., ERNEST E. MILLER, MARGARET H. MILLER, EDGAR N. MILLINGTON, HAROLD J. MITCHENER, EUGENE E. MOODY, DOROTHY C. MOORE, JAMES C. MOORE, JR., LUCIE E. MOORMAN, ROBERT M. MOOSE, JACK B. MORRIS, REGENA E. MORRISON, STANLEY B. MORSE, WOODFORD T. MOSELEY, GEORGE R. MUSE, R.J. NETTLES, THOMAS G. NEWPORT, JOHN E. NITSCHE, ALFRED P. NORWOOD, JOHNNIE M. OCHOA, ELVIN E. OGLESBY, OLIVER G. OJA, RUSSELL E. OLSON, LLOYD A. OSBORNE, PAUL B. OSGOOD, WILLIAM C. PAGE, LEE R. PARAMORE, LEWIS W. PATE, CHARLES R. PATTON, VERNON J. PEEBLES, W.W. PEGUES, MARY E. AND JOHN D. PENN, ELLIOTTE T. PERKINS, JR., WILLIAM H. PERRY, JR., PAUL J. PHILLIPPI, RICHARD L. PHILLIPS, RUBY A. PHILLIPS, FRANK J. PIAZZA, SR., DALLAS PICKARD, JR., GEORGE A. PINTER, EDWARD W. PIPER, FREDERICK H. PLESS, R.F. HOKE POLLOCK, JR., LEWINGTON S. PONDER, ELBERT Y. POOLE, JENNETTE C. POOLE, MARTHA BOYCE POTEAT, EDWIN H. PRICE, CHARLES R. PUGH, DANIEL J. QUESENBERRY, MILTON H. QUINN, LOUISE M. RABBINO, THOMAS M. RAMSEY, JACK G. RAY, MARSHALL G. RAY, HAZEL S. REDMON, GEORGE R. REINHART, III, ANNIE E. RENKEL, MADGE O. REYNOLDS, FRANKLIN E. RICHARDSON, JR., ALLEN W. RIGSBY, GEORGE M. ROBERTS, JENNINGS B. ROBINSON, JAMES P. ROTH, PHIFER P. ROTHMAN, HAROLD E. RUBLE, HILDA H. RULTENBERG, DONALD E. RUSSELL, GEORGE W. SABO, LYLE E. SAMSON, ROBERT L. SCHEER, FREDERICK L. SCHUERMAN, SR., ROBERT J. SCHULLERY, ELWOOD M. SHAULIS, ROBERT T. SHERIDAN, STANLEY T. SHIPLEY, CHARLES B. SHIVELY, CHARLES A. AND RUTH M. SHUE, JR., ELSIE N. AND FREDERICK E. SIMMONS, MARY B. SIMPSON, MANUEL F. SIVERIO, JOSEPH A. SIZOO, EVELYN S. SMITH,

SWANSON v. STATE OF NORTH CAROLINA

[330 N.C. 390 (1991)]

GEORGE B. SMITH, JAMES A. SMITH, JAMES E. SMITH, JAMES P. SMITH, JOE F. SMITH, PERCY H. SMITH, JOSEPH L. SOMMER, RAY H. SPANGLER, JAMES A. SPRANKLE, WILEY L. STANDIFER, JR., JAMES W. STARBUCK, GERTRUDE D. STARLING, STACY J. STARLING, HENRY C. STEED, JR., ROY C. STEELEY, ARTHUR L. STEWART, BURLENA J. STEWART, JOHN R. STEWART, JR., GEORGE W. STILLWAY, RITA M. STILLWAY, HAROLD E. STONE, CLYDE DALTON STOWE, HARRY H. STRUNK, E.C. STUMPF, THOMAS A. SUMMEY, JR., ELLIS G. SUMNER, LEO B. AND MILDRED Y. SUMNER, MARGARET K. SWINK, JAMES E. SYKES, OLIVER B. TALBERT, JAMES D. TERRELL, CLYDE E. AND EMOGENE M. THOMPSON, FRED L. TRACY, ROCCO H. TROMBELLO, JOHN G. TRUITT, JR., WILLIAM H. TURK, JAMES T. VANCE, FRANCES A. VANDEN, GEORGE W. VANDEN, ETHEL D. VANHORN, EDWARD J. VAUGHN, EDWARD VENKLER, ROY L. VICK, SR., KERMIT J. VINSON, MYRTLE H. VINSON, WILLIAM E. WADE, FLOYD H. WALDROP, WANDA E. WALLACE, ROLAND J. WEBER, GRACE F. WEINER, LONA C. WEISNER, LAWRENCE O. WELCH, PAUL B. WELCH, JR., GEORGE L. WESTERLIND, WILLIAM B. WHITE, T.M. WHITTINGTON, JR., GEORGE W. WILKINS, ROBERT S. WILLIAMS, JR., WILLIAM C. WILLIAMS, WINTON H. WILLIAMS, HAROLD P. WILLIAMSON, EDNA MAE WILSON, ROBERT GRAVES WILSON, JR., ERNEST G. WINSTEAD, PETER S. WONDOLOWSKI, ROBERT V. WOOD, MAYNARD B. AND EVELYN W. WOODBURY, JACK R. WORLEY, JOHN T. WORRELL, GEORGE T. WORRELL, GEORGE E. YALE, JR., AND WILLIAM P. YARBOROUGH, INDIVIDUALLY FOR THE BENEFIT AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, CLASS A PLAINTIFFS, CHARLES L. BERRY, ROBERT D. LENNON, ZEBULON V. MOSELEY, III, GARY W. O'NEAL, MILTON S. PRICE, MARTIN L. SPEICHER AND PAUL H. TURNEY, INDIVIDUALLY AND FOR THE BENEFIT AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, CLASS B PLAINTIFFS v. THE STATE OF NORTH CAROLINA, HELEN A. POWERS, INDIVIDUALLY AS SECRETARY OF THE NORTH CAROLINA DEPARTMENT OF REVENUE, THE NORTH CAROLINA DEPARTMENT OF REVENUE AND HARLAN BOYLES, TREASURER OF THE STATE OF NORTH CAROLINA, DEFENDANTS

No. 64PA91

(Filed 6 December 1991)

**1. Rules of Civil Procedure § 56 (NCI4th) — motion for partial summary judgment — order granting summary judgment not limited**

An order entered by the trial court passed on all claims where the motion and the order were entitled partial summary judgment, but the order recited that there was no genuine issue of material fact and that plaintiffs were entitled to judgment as a matter of law, ordered a refund of taxes to both

classes of plaintiffs, and did not limit the order to claims under the United States Constitution.

**Am Jur 2d, Summary Judgment § 41.**

2. **Constitutional Law § 99 (NCI4th) — taxation of pensions — retired state employees and National Guard members — law of the land**

   The exemption from taxation of the pensions of retired state employees and the pay of National Guard members has a rational relationship to the provision of pensions and payment, which are valid state objectives, and the granting of those exemptions does not violate the law of the land clause of N.C. Const. art. I, § 19.

   **Am Jur 2d, State and Local Taxation §§ 475, 508.**

3. **Constitutional Law §§ 28, 92 (NCI4th) — taxation of pensions — retired state employees and National Guard members — no violation of equal protection**

   The providing of compensation for retired state employees and members of the National Guard is a legitimate governmental interest and the exemption of a part or all of that compensation from taxation has some relation to that governmental interest. Those exemptions do not violate the equal protection clause of N.C. Const. art I, § 19, or art. V, § 2.

   **Am Jur 2d, Pensions and Retirement Funds §§ 1604-1606; State and Local Taxation §§ 475, 508.**

4. **Constitutional Law § 137 (NCI4th) — taxation of pensions — state prohibition on retrospective taxation — no violation**

   A tax imposed on the pensions of federal retirees did not violate the prohibition in N.C. Const. art. I, § 16 on retrospective taxation of acts previously done. The taxes were imposed on income received in the years the taxes were collected; the fact that the pensions of the federal retirees were based on wages previously earned does not make the tax retrospective.

   **Am Jur 2d, State and Local Taxation §§ 475, 508.**

   Chief Justice EXUM dissenting.

   Justice MITCHELL dissenting.

   Justice FRYE joins in this dissenting opinion.

SWANSON v. STATE OF NORTH CAROLINA

[330 N.C. 390 (1991)]

HEARING on order granting plaintiffs' motion to rehear the opinion rendered in this case at 329 N.C. 576, 407 S.E.2d 791 (1991).

*Charles H. Taylor and Womble, Carlyle, Sandridge & Rice, by G. Eugene Boyce, Donald L. Smith, Jasper L. Cummings, Jr., Wallace R. Young, Jr., and Michael J. Newman, for plaintiff appellees.*

*Lacy H. Thornburg, Attorney General, by Andrew A. Vanore, Jr., Chief Deputy Attorney General, Edwin M. Speas, Jr., Senior Deputy Attorney General, Thomas F. Moffitt, Special Deputy Attorney General, Marilyn R. Mudge, Assistant Attorney General, and Douglas A. Johnston, Assistant Attorney General, for the State appellant.*

*Robinson, Bradshaw and Hinson, P.A., by John R. Wester and David C. Wright III, for defendant appellant Helen A. Powers.*

WEBB, Justice.

[1] We have granted the plaintiffs' petition for rehearing in order to answer some of the claims made by the plaintiffs in the petition. The plaintiffs say, in their petition for rehearing, that the matter passed on in superior court was a motion for partial summary judgment which dealt only with claims under the Constitution of the United States. They say that they have alleged claims under the Constitution of North Carolina which have not been determined in the superior court and ask that the case be remanded to determine those claims.

We hold that the order entered by the superior court from which the appeal was taken was not for partial summary judgment. It was entitled motion for partial summary judgment but the motion said:

> Pursuant to Rule 56 of the North Carolina Rules of Civil Procedure, Plaintiffs move this Court to enter an order granting summary judgment in favor of Class A Plaintiffs on their claims for refunds of taxes unlawfully collected from them for tax years 1985 through 1988 and in favor of Class B Plaintiffs on their claims for refunds of taxes unlawfully collected from them for tax years 1986 through 1989.

SWANSON v. STATE OF NORTH CAROLINA

[330 N.C. 390 (1991)]

Nowhere in this motion do the plaintiffs limit it to their claims under the United States Constitution. The order granting the motion is entitled "Partial Summary Judgment" but it does not limit the order to claims under the United States Constitution. After reciting that there is no genuine issue of a material fact and that the plaintiffs are entitled to judgment as a matter of law, the superior court ordered a refund of taxes to both classes of plaintiffs. If we were to say the order should be limited to either federal or state claims, there is no way of determining from the motion or the order to which type of claim it should be limited. We hold the superior court passed on all claims. The State in its brief argues all the claims.

Both classes of plaintiffs alleged that the collection of the taxes deprived them of due process and equal protection of the laws guaranteed them by N.C. Const. art. I, § 19, as well as the constitutional right to uniformity in taxation guaranteed to them by N.C. Const. art. V, § 2, and the right against the taxing of acts previously done guaranteed by N.C. Const. art. I, § 16.

[2] In order to withstand a challenge to an act of the General Assembly on the ground it violates the law of the land clause of N.C. Const. art. I, § 19, which is comparable to the due process clause of the federal Constitution, the act of the General Assembly must have a rational relation to a valid state objective. *In re Moore,* 289 N.C. 95, 221 S.E.2d 307 (1976). The provision of pensions for retired state employees and the payment to members of the National Guard are valid state objectives. The exemption from taxation for these two remunerations has a rational relation to each of them. The granting of these exemptions does not violate the law of the land clause of N.C. Const. art. I, § 19.

[3] We are not certain that N.C. Const. art. V, § 2 has any application to this case. It deals principally with taxation of property. Its only reference to income taxes is contained in the following sentence, "[t]he rate of tax on incomes shall not in any case exceed ten percent, and there shall be allowed personal exemptions and deductions so that only net incomes are taxed." N.C. Const. art. V, § 2(6).

Assuming N.C. Const. art. V, § 2 applies, we believe the resolution of whether it prohibits the tax on the plaintiffs in this case presents the same question as is presented by the equal protection clause of N.C. Const. art. I, § 19. The General Assembly created

a class composed of retired state employees and a class composed of members of the National Guard. Each of these classes received favorable treatment under the income tax laws of this state. The question is whether these two classifications are reasonable and not arbitrary. Neither class of plaintiffs is a suspect class and the test as to arbitrariness is whether the distinctions drawn for retired state employees and members of the National Guard bear some relationship to a conceivable legitimate governmental interest. *Texfi Industries v. City of Fayetteville*, 301 N.C. 1, 269 S.E.2d 142 (1980); *Leonard v. Maxwell, Comr. of Revenue*, 216 N.C. 89, 3 S.E.2d 316, *app. dismd.*, 308 U.S. 516, 84 L.Ed. 439 (1939). The providing of compensation for retired state employees and members of the National Guard is a legitimate governmental interest. The exemption of a part or all of this compensation from taxation has some relation to this governmental interest. These exemptions do not violate the equal protection clause of N.C. Const. art. I, § 19, or art. V, § 2.

[4]   The plaintiffs also contend that the tax imposed on them violates N.C. Const. art. I, § 16, which provides in part: "[n]o law taxing retrospectively . . . acts previously done shall be enacted." The taxes on the Class B plaintiffs were imposed on income in the years it was received. It was not imposed on acts previously done.

The taxes imposed on federal retirees were not taxes on acts previously done. The taxes were imposed on income which was received in the years the taxes were collected. The fact that the pensions of the federal retirees were based on wages previously earned does not make the tax retrospective. A statute is not unconstitutionally retroactive merely because it operates on facts which were in existence before its enactment. *See Smith v. American and Efird Mills*, 305 N.C. 507, 290 S.E.2d 634 (1982) and *Wood v. Stevens and Co.*, 297 N.C. 636, 256 S.E.2d 692 (1979).

With the addition of this opinion, we reaffirm the opinion previously entered. We reverse and remand to the Superior Court, Wake County for the entry of judgment dismissing the action.

Reversed and remanded.

Chief Justice EXUM dissenting.

I joined in Justice Mitchell's original dissenting opinion because I think, and continue to think, that *Davis v. Michigan Dept. of*

SWANSON v. STATE OF NORTH CAROLINA

[330 N.C. 390 (1991)]

*Treasury,* 489 U.S. 803, 103 L. Ed. 2d 891 (1989), is retroactive and plaintiffs are entitled to its benefits. That was the only issue addressed by the majority in its original opinion.

On plaintiffs' petition for rehearing the majority has elected to address certain state constitutional issues which plaintiffs contend were never ruled on by the trial court. It is not clear from the record on appeal that the state constitutional issues were addressed and decided by the trial court. If the trial court determined the case solely on the basis of the retroactivity of *Davis,* its order would not necessarily have been written differently. The trial court would have necessarily considered the state constitutional claims only if it had rejected plaintiffs' federal law claims. It is clear that the state law claims were neither briefed nor argued by plaintiffs on the original appeal. Neither side addressed these points in its oral presentation to the Court. Under these circumstances I think it inappropriate for the Court to address them now on plaintiffs' petition for rehearing.

I would either remand the case for determination of the state constitutional questions as plaintiffs have prayed or order a reargument and new briefing on the state constitutional issues.

I take this opportunity also to say that I have real doubt as to whether plaintiffs have followed proper statutory procedures and it may be that, ultimately, their claims will be barred on procedural grounds. *See Bailey v. State of North Carolina,* 330 N.C. 227, 410 S.E.2d 462 (1991). Since the majority has not chosen to address this aspect of the case, I, too, will leave it for another day.

Justice MITCHELL dissenting.

For reasons fully explained in my dissent from the previous decision and opinion of the majority of this Court in this case, I continue to believe that *Davis v. Michigan Dept. of Treasury,* 489 U.S. 803, 103 L. Ed. 2d 891 (1989) is fully retroactive and that the taxpayer-plaintiffs are entitled to its benefits. *Swanson v. State of North Carolina,* 329 N.C. 576, 586-89, 407 S.E.2d 791, 796-97 (1991) (Mitchell, J., dissenting, joined by Exum, C.J., and Frye, J.). For that reason, I continue to dissent from the result reached by the majority.

Justice FRYE joins in this dissenting opinion.