SKY CITY STORES, INC. v. UNITED OVERTON CORPORATION

No. 8728SC557

(Filed 3 May 1988)

**1. Judgments § 35— indemnification contract—indemnitor's agency not deter-mined in first action—second action not precluded**

An indemnitee is not collaterally estopped from bringing an action to recover under an indemnification contract when the issue of the indemnitor's agency, or lack thereof, was not decided in the first action.

**2. Indemnity § 3.2— failure to inform indemnitor of lawsuit—summary judgment for indemnitor proper**

In an action to recover the cost of litigation for a previous action under an indemnification contract with defendant, the trial court properly entered summary judgment for defendant where the prior action was filed against plaintiff by a third party within days of the expiration of the statute of limitations; the statute of limitations had run against any negligence claim by the third party against defendant before plaintiff filed its answer in the first action, thus making a recovery from this defendant unlikely; plaintiff did not notify defendant of the claim until one year and four months after suit was filed; and this neglect or default was fatal to its claim for indemnity.

APPEAL by plaintiff from *James U. Downs, Judge*. Order entered out of session 30 January 1987 in Superior Court, BUN-COMBE County. Heard in the Court of Appeals 2 December 1987.

*Van Winkle, Buck, Wall, Starnes, and Davis, P.A., by Allan R. Tarleton and Michelle Rippon, for plaintiff-appellant.*

*Roberts, Stevens & Cogburn, P.A., by Steven D. Cogburn and Glenn S. Gentry, for defendant-appellee.*

BECTON, Judge.

This appeal arises from an action by plaintiff, Sky City Stores, Inc. (Sky City), to recover the cost of litigation for a previous action under an indemnification contract with defendant, United Overton Corporation (United Overton). The trial judge granted United Overton's motion for summary judgment on the ground that the doctrine of collateral estoppel precluded Sky City from maintaining an action based on United Overton's negligence since that issue was decided in the earlier action in which Sky City was found negligent. Sky City appeals. We affirm.

## I

The facts are not in dispute. In May of 1980, Betty Foster was injured on the premises of Sky City's discount center in Brevard, North Carolina. She was struck by a box that fell from a cart pushed by Brad Scott. Foster filed a negligence action against Sky City in May 1983 on the theory that Sky City was vicariously liable for the negligence of its employee, Scott. Sky City, in its Answer, admitted that Brad Scott was a Sky City employee. However, shortly before trial and after the statute of limitations had run, Sky City filed a motion to amend its Answer in order to deny that Brad Scott was its employee, having discovered that Scott was actually employed by Sky City licensee, United Overton. Sky City also filed a motion to join United Overton as a third-party defendant. The motions to amend and to join United Overton were denied. Scott's negligence was found to have caused Foster's injury, and Sky City was ordered to pay $35,000 in damages. Sky City also paid $8,809.32 in interest, costs, and attorney's fees for a total of $43,809.32.

Sky City brought this action seeking reimbursement of the entire $43,809.32 from United Overton pursuant to an indemnification provision in its license agreement. The agreement, executed by Sky City (the licensor) and United Overton (the licensee) and in force at the time of Foster's injury, contained the following clause:

> (b) Licensee hereby assumes all responsibility for injury to persons or property of customers, employees and others arising in the Department conducted by it, or out of transactions, acts or omissions therein or connected therewith, and agrees and covenants to hold Licensor and Sky City free and harmless from any claim of customers, employees, or others for damages arising out of injuries to anyone or transactions with anyone, whether employee or otherwise, in said Department, or arising through or from the business of said Department, or for violation of agreements made with customers, employees or others by said Licensee, or from any claim made by third parties arising out of dealings with said Department, provided the same is not due to negligence of Licensor. The Licensee shall indemnify the Licensor for any loss sustained or expenses incurred on account of any act or claims set forth herein.

Sky City assigns error to (1) the trial judge's grant of United Overton's motion for summary judgment, and (2) the trial judge's denial of Sky City's motion for summary judgment.

## II

**[1]** The trial judge granted United Overton's motion for summary judgment based on application of the doctrine of collateral estoppel. Collateral estoppel precludes relitigation by parties or their privies of facts or issues *actually determined* in a previous action although based upon a different claim or cause of action. In addition, our Supreme Court abolished the mutuality requirement so that the doctrine may be invoked *as a defense* against a party or privy in the first action by one not a party to, or in privity with, a party to, the first action. *See Thomas M. McInnis & Assoc., Inc. v. Hall,* 318 N.C. 421, 349 S.E. 2d 552 (1986). The following requirements must be met in order to apply collateral estoppel:

> (1) the issues to be concluded must be the same as those involved in the prior action; (2) in the prior action, the issues must have been raised and actually litigated; (3) the issues must have been material and relevant to the disposition of the prior action; and (4) the determination made of those issues in the prior action must have been necessary and essential to the resulting judgment. *King v. Grindstaff,* 284 N.C. 348, 358, 200 S.E. 2d 799, 806 (1973).

Collateral estoppel does not apply in the instant case because the issues in the two actions are different. Although the same instance of employee negligence is involved, in the first claim the dispositive issue was *Sky City's* vicarious liability in tort; the instant action is to establish *United Overton's* liability to Sky City under an indemnity contract. Moreover, the second requirement — that the issue must have been raised and *actually litigated* — is not satisfied. In the instant case, Sky City was estopped from raising the issue of United Overton's agency in the first action. Sky City's motion to join United Overton was denied, as well as its motion to amend its Answer to deny its own agency. The fact that Sky City *could have* joined United Overton in the first action under the provisions of N.C. Gen. Stat. Sec. 1A-1, Rule 14 (1969) does not alter the fact that United Overton's obligation under the license agreement was not decided in the first action. Thus, we

hold that an indemnitee is not collaterally estopped from bringing an action to recover under an indemnification contract when the issue of the indemnitor's agency, or lack thereof, was not decided in the first action.

Notwithstanding our conclusion that collateral estoppel does not apply, summary judgment for United Overton was appropriate. The scope of our review when a motion for summary judgment is granted is "whether on the basis of the materials presented to the trial court, there is a genuine issue as to any material fact and whether the movant is entitled to judgment as a matter of law." *Oliver v. Roberts,* 49 N.C. App. 311, 314, 271 S.E. 2d 349, 401 (1980). United Overton contends, and we agree, that the trial judge should have granted summary judgment in its favor on other legal grounds.

[2]   It was noted in *Jones v. Balsley,* 154 N.C. 61, 68, 69 S.E. 827, 831 (1910) that in order for an indemnitee to recover after defending an action for which it seeks indemnification, "[t]he judgment must not have been recovered against [the indemnitee] by reason of any neglect or default on his part." In the case *sub judice,* Sky City's negligent handling of the first action resulted in a judgment against it. The action was filed against Sky City within days of the expiration of the statute of limitations. The statute of limitations had run against any negligence claim by Foster against United Overton before Sky City filed its Answer to Foster's Complaint, thus making a recovery from United Overton unlikely. Moreover, Sky City did not notify United Overton of the claim until October of 1984, more than one year and four months after suit was filed. This neglect or default by Sky City is fatal to its appeal.

### III

For the foregoing reasons, we summarily reject Sky City's contention that the trial judge erred in denying *its* motion for summary judgment.

The judgment of the trial court is

Affirmed.

Judges EAGLES and COZORT concur.