BARBARA S. BECKWITH, Executrix of the Estate of PETER OBERDORF BECKWITH v. JAMES M. LLEWELLYN, WILLIAM P. THOMPSON, THOMPSON, PADDOCK & LLEWELLYN, P.A., RICHARD A. VINROOT, A. WARD McKEITHEN and ROBINSON, BRADSHAW & HINSON, P.A.

No. 243A89

(Filed 10 May 1990)

**Attorneys at Law § 55 (NCI4th); Judgments § 16 (NCI3d) — wrongful death action — attorney fees — collateral attack on judgment**

The trial court erred by granting summary judgment for defendants on the grounds of collateral estoppel in an action

in which plaintiffs alleged breach of fiduciary duty, intentional disregard of duty, conspiracy and negligence by her attorneys in settling a wrongful death action but did not seek to set aside the order approving the settlement or a refund of the attorney fees paid pursuant thereto. Collateral estoppel does not apply because the focus in the prior case was not whether the attorneys had taken advantage of their client but whether the settlement reached was fair to the minors involved; this is not a proceeding to set aside or reopen the order approving the settlement but instead to recover damages based upon a breach of fiduciary duty on the part of her attorneys in obtaining it.

**Am Jur 2d, Attorneys at Law § 206; Judgments § 572.**

APPEAL by plaintiff pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 93 N.C. App. 674, 379 S.E.2d 74 (1989), affirming summary judgment for defendants entered 4 February 1988 by *Griffin, J.,* in the Superior Court, MECKLENBURG County. Heard in the Supreme Court 13 December 1989.

*Browder, Russell, Morris and Butcher, by James W. Morris, III, and Ann Adams Webster; and James, McElroy & Diehl, P.A., by William K. Diehl, Jr., and John S. Arrowood, for plaintiff-appellant.*

*Jones, Hewson & Woolard, by Harry C. Hewson and Hunter M. Jones, for defendant-appellees.*

FRYE, Justice.

This is a civil action for legal malpractice brought by plaintiff against her former attorneys. On appeal plaintiff seeks reversal of summary judgment entered in favor of defendants. The trial judge granted summary judgment in favor of defendants on the grounds that plaintiff's complaint only asserted claims that constituted an attack on the attorney fees which were approved by the court in an earlier order approving the settlement agreement between plaintiff and the original defendants in the underlying wrongful death action. The Court of Appeals affirmed, holding that notwithstanding that defendants here were not "parties" in the wrongful death suit, they were entitled to the benefit of the doctrine of collateral estoppel to defeat plaintiff's claims against them

BECKWITH v. LLEWELLYN

[326 N.C. 569 (1990)]

because the settlement order constituted a valid final adjudication of the appropriate amount of attorney fees. *Beckwith v. Llewellyn*, 93 N.C. App. 674, 379 S.E.2d 74 (1989). Judge Becton concluded that plaintiff's complaint is grounded on allegations of breach of fiduciary obligation and negligence and therefore does not constitute a collateral attack by plaintiff upon the settlement. *Id.* at 681, 379 S.E.2d at 79 (Becton, J., dissenting). We agree with Judge Becton's dissenting opinion.

Viewed in the light most favorable to plaintiff, as we are required to do on a motion for summary judgment, plaintiff's complaint and supporting documents present the following:

Plaintiff's husband, Peter Oberdorf Beckwith, died as a result of an airplane crash. Plaintiff pursued a wrongful death action in her own behalf, as guardian of the minor children, and as executrix of her husband's estate. Prior to instituting the wrongful death action, plaintiff sought assistance from a North Carolina attorney and from defendant Llewellyn, an Arkansas attorney and family friend. The North Carolina attorney advised plaintiff that he would undertake the wrongful death litigation for a forty percent contingency fee. Defendant Llewellyn advised plaintiff that a forty percent contingency fee was too high, and that his firm would handle the case for a one-third contingency fee to be calculated after deduction of litigation expenses.

Plaintiff executed a written agreement authorizing defendant Llewellyn's firm to handle the case for the fee stipulated. Structured settlements were not discussed at the time this agreement was executed. In response to plaintiff's questions concerning a clause in the agreement on employing local counsel, defendant Llewellyn stated that it was necessary to have North Carolina attorneys for the North Carolina courts.

Sometime after execution of the agreement, defendant Llewellyn's firm employed defendants Vinroot and McKeithen, and their firm of Robinson, Bradshaw and Hinson, P.A., as local counsel, for a fee of twenty-five percent of one-third of the net recovery. Net recovery was defined as gross proceeds less payment of all costs.

The wrongful death action was instituted in December 1983 and pursued by plaintiff through 19 December 1984 in the United States District Court for the Western District of North Carolina. During the pendency of the action, settlement negotiations were

held. Some of the settlement offers were for structured settlements. The settlement offers eventually reached approximately $2.4 million net to the estate after attorney fees and costs, the goal previously set by plaintiff's attorneys. Defendant Llewellyn advised plaintiff that the settlement, although having a present value of $2.4 million, had a total value of approximately $4.2 million. Plaintiff accepted the proposal. Thereafter defendants employed another attorney, at plaintiff's expense, "to render an opinion concerning the settlement and to advise the other defendants regarding the procedure required by N.C.G.S. § 28A-13-3(a)(23)." Since the deceased was survived by minor children, court approval of the settlement was required under N.C.G.S. § 28A-13-3(a)(23). Defendants also employed, at plaintiff's expense, a tax lawyer to compute the value of the structured settlement.

Defendants discussed with plaintiff the proposed settlement, including its relation to attorney fees and how they would be calculated. Plaintiff indicated approval. Plaintiff contends, however, that none of the defendants advised her that the attorney fees were substantially in excess of the amount provided for in her previous written agreement or that defendants Vinroot and McKeithen were to be paid by plaintiff for services rendered as local counsel.

Plaintiff executed a second agreement because she was advised that the earlier agreement was inappropriate for a structured settlement. Plaintiff's second agreement dealt with payments under the structured settlement, monies received as a result of discovery abuse, litigation costs, how payments were to be made to extinguish subrogation rights, and fees as expenses incident to probate proceedings. Plaintiff was later advised that, due to an error in the tax lawyer's calculations, the present value of the settlement had been recalculated to be $3.99 million as opposed to the earlier estimate of $4.2 million. The attorney fees were then approximately 42.6% of the settlement amount rather than the approximately thirty-nine percent anticipated when the proposed settlement was approved by plaintiff. Plaintiff was not advised that the attorney fee arrangement in her initial agreement was substantially altered by her second agreement.

On 19 December 1984, the court entered an order approving the settlement of the wrongful death action which included approval of attorney fees.

Plaintiff instituted the present action against defendants, seeking both compensatory and punitive damages based on malpractice and breach of fiduciary duty, intentional disregard of duty, conspiracy and negligence. In the prayer for relief plaintiff did not seek to set aside the order approving the settlement or a refund of attorney fees paid pursuant thereto.

Defendants filed a motion for summary judgment. The trial court granted summary judgment for defendants, reasoning as follows:

> [T]he court is of the opinion that the motion for summary judgment should be allowed in that the complaint asserts only claims that constitute an attack on the attorney fees approved by the court in said order of December 19, 1984, and an attack on the said order and the jurisdiction of the court under N.C.G.S. 28A-13-3(a)(23) in File No. 82-E-2043 . . . captioned *In Re The Estate of Peter Oberdorf Beckwith,* of which the plaintiff Barbara S. Beckwith is Executrix and in which said order approving the settlement and the attorney fees on December 19, 1984, was made.

The Court of Appeals affirmed, one judge dissenting. On the basis of the dissenting opinion, plaintiff appealed to this Court, contending that settlement and approval of attorney fees in the previous action is not a bar to suit for attorney malpractice alleging negligence and breach of fiduciary duty. We agree. Summary judgment on this ground was improper.

Summary judgment is granted when, viewing the record in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Wilkes County Vocational Workshop, Inc. v. United Sleep Products, Inc.,* 321 N.C. 735, 365 S.E.2d 292 (1988); *see also Rosi v. McCoy,* 319 N.C. 589, 356 S.E.2d 568 (1987); *Caldwell v. Deese,* 288 N.C. 375, 218 S.E.2d 379 (1975); *Koontz v. City of Winston-Salem,* 280 N.C. 513, 186 S.E.2d 897 (1972). Collateral estoppel can be a basis for summary judgment because it precludes relitigation of issues actually determined in a previous action. *Sky City Stores v. United Overton Corp.,* 90 N.C. App. 124, 367 S.E.2d 338 (1988); *see McInnis & Assoc., Inc. v. Hall,* 318 N.C. 421, 349 S.E.2d 552 (1986); *King v. Grindstaff,* 284 N.C. 348, 200 S.E.2d 799 (1973).

BECKWITH v. LLEWELLYN

[326 N.C. 569 (1990)]

Collateral estoppel applies when the following requirements are met:

(1) The issues to be concluded must be the same as those involved in the prior action; (2) in the prior action, the issues must have been raised and actually litigated; (3) the issues must have been material and relevant to the disposition of the prior action; and (4) the determination made of those issues in the prior action must have been necessary and essential to the resulting judgment.

*King*, 284 N.C. at 358, 200 S.E.2d at 806. A "judgment in [a] prior action operates as an estoppel only as to those matters in issue or points controverted." *McInnis*, 318 N.C. at 427, 349 S.E.2d at 556 (quoting *Cromwell v. County of Sac*, 94 U.S. 351, 352-53, 24 L. Ed. 195, 197-98 (1877)). A very close examination of matters actually litigated must be made in order to determine if the underlying issues are in fact identical. If they are not identical, then the doctrine of collateral estoppel does not apply. The parties in *McInnis* and *Grindstaff* were prevented from bringing a second action because the second action would have involved a reopening of identical issues merely by switching adversaries.

In the present case, plaintiff attempts to show that her former attorneys took advantage of the attorney-client relationship to her detriment; her former attorneys are now her adversaries. In the prior case, she and her attorneys, as client and fiduciaries, attempted to show that they had reached a reasonable settlement with the original defendants which was fair to the minors involved and which should therefore have been approved by the court. The issues are not identical. The focus in the prior case was not whether the attorneys had taken advantage of their client but whether the settlement reached with the opposing party was fair to the minors involved. In the prior case, plaintiff and her attorneys were on the same side; in the present case they are adversaries.

While the court in the prior case could not approve the settlement without making a determination as to whether the attorney fees charged were reasonable in relation to the amount of the settlement and the services performed by the attorneys in reaching that settlement, no such determination is required in the present case. In the present case the issue to be determined is whether, notwithstanding the court's prior approval of the reasonableness of the fees in reference to the amount of the settlement and the

BECKWITH v. LLEWELLYN

[326 N.C. 569 (1990)]

services performed by the attorneys, plaintiff has nevertheless been damaged because the attorneys breached a fiduciary duty to her in the handling of matters prior to and during the settlement process resulting in the court's approval.

Plaintiff does not seek to set aside the agreement with the original defendants settling the lawsuit; nor does she seek to set aside the court's approval of the settlement and the attorney fees paid pursuant thereto. This is not a proceeding to set aside or reopen the order approving the settlement but instead to recover damages based upon a breach of fiduciary duties on the part of her attorneys in obtaining it. Thus, the "issues to be concluded," *King v. Grindstaff*, 284 N.C. at 358, 200 S.E.2d at 806, are not the same as those involved in the prior action and the "issues in question" are not identical to the "issues . . . actually litigated," *id.*, in the prior action. The Court of Appeals thus erred in affirming the trial court's grant of summary judgment on the grounds of collateral estoppel.

It remains to be determined in further proceedings whether plaintiff can prove her allegations. We decide only the question raised by the appeal, that is, whether collateral estoppel was applicable so as to support summary judgment in favor of defendants. We express no opinion as to whether defendants may establish by appropriate affidavits or further discovery that they are entitled to summary judgment on other grounds.

The decision of the Court of Appeals is reversed, and the case is remanded to that court for remand to the trial court for further proceedings not inconsistent with this opinion.

Reversed and remanded.