55 F.3d 956
 19 Employee Benefits Cas. 1577
 Norman W. SWANSON; William H. Talbert; Robert B. Campbell;
Billy Clark; Charles A. Dancy; Wallace M. Davis; William
E. Denton; Galena Elworth; Melvin F. Eyerman; Hamilton M.
Howe; Ralph P. Hunt; Henry F. Murray; William E.
Nicholson, III; Robert A. Nisbet; John L. Powell, Jr.;
Donald V. Wallace; Mary L. Pritchard; Carl L. Whitney;
Ira N. Schwarz; Grady L. Strange; Walter J. Bartnikowski;
Marion B. Zollicoffer; Browning Adams; Pritchard C. Adams;
William H. Adams; Edward H. Allen; Flossie P. Allen;
Joseph A. Allen; Rachel C. Allred; Helen L. Anctil; Leo
I. Anctil; Ronald E. Anderson; Clarence P. Armstrong;
Carroll W. Austin; F.L. Austin, Jr.; Donald P. Bahr; Paul
Ballus; Charles D. Barker, Sr.; Walter E. Barkhouse;
Edward C. Barret; James L. Baxter; Russell W. Beard;
Bernard L. Beatty; Richard K. Bell; Leo E. Benade;
Sherman W. Betts; Joseph H. Betz; Robert L. Blevins;
Franklin M. Blunt; Timothy C. Bolick; Margaret C. Boone;
Henry A. Botkin; Alex Bourdas; Ola May Bovender, a/k/a Ola
May Tate; Eugene A. Bowen; Lavaune K. Breda; Marlowe G.
Breda; Trond G. Brekke; Laura B. Brendle; Millard
Bridgers; Clarence M. Bridges; Doris K. Bridges; Cyrus H.
Brooks, Jr.; Daniel R. Brown; K.A. Brown; William D.
Brown; Betty P. Bullock; Robert S. Bullock; Findley
Burns, Jr.; Ray G. Burrell; Richard E. Bush; James M.
Byrne; Norman L. Carlton; Matthew E. Carmean; Frank
Cates; J. Crawford Caton; Harry E. Chamberlain; Vincent
H. Chase; Paul F. Chavez; Woodrow H. Childress; John G.
Church; Herman L. Clanton; Robert L. Clarke; Charles C.
Clausen, Sr.; Dennis E. Cleckner; Steve P. Clemenic; Lacy
W. Coates; Rucia A. Cobb; James A. Coddington; Catheryn
S. Coley; Laura K. Conder; James C. Conine; Marshall G.
Cooper; Asbury Coward, III; Newton P. Cox; Ruth A. Cox;
Burnett E. Creasman; Thomas J. Culkin; Hazel B. Curlee;
Milton L. Dial; Beatrice G. Davis; Bernley S. Davis;
Donald M. Davis; Essie M. Davis; George E. Davis; Robert
J. Davis; Clifford H. Dawson; Calvin F. Dean; Orien G.
Dean, Jr.; Jack M. Deaton; Violet B. Deitmaring; Arlen J.
Devito; John E. Devlyn; Sara E. Devlyn; Joy E. Dickinson;
Mrs. Leroy B. Dickinson; James E. Diffee; Delbert R.
Dillion; Margaret H. Dopf; Raymond E. Dopf; Leroy M.
Duffy; Charles F. Dupont; Bobby R. Eason; David Edmisten;
Carl F. Effler; John H. Elder, Jr.; John R. Ellis;
Manford G. Farr; Rita Festo; John J. Filan; Angelo A.
Florentino; Robert W. Folden; Oscar F. Fowler; Melvin W.
Fritz; Walton E. Fulcher; Robert C. Fuller; Walter E.
Fuller; Frank W. Furches; Norman Carl Gaddis; Marshall L.
Gaddy; Thomas B. Gardiner; Robert F. Geissler; William E.
Gentner, Jr.; Thomas P. Ginn; Robert W. Goodman; John R.
Gordon; Bernice C. Grandy, Jr.; Steven W. Grandy; Robert
J. Green; Michael R. Greeson; James H. Griffin; Thomas M.
Groome, Jr.; James W. Gross; Arthur S. Gunderson; Hert L.
Hancock, Jr.; James M. Hardin; C. Lee Harris; Howard W.
Harris; Paul H. Harvey; Roland R. Hatcher; Henry S.
Heffley, Jr.; Carroll A. Hefner; Clarence J. Hensley, Jr.;
Richard M. Heriot; Doris T. Herring; Novis S. Herring;
Virginia R. Hildebrand; Mozelle L. Hinshaw; Herman J.
Hipps; Rufus M. Hodgin; Donald R. Hoffman; Charles K.
Hoffmeyer; Mary R. Holland; Edgar P. Holt; Ray Homeslely;
Ned A. Hood; Robert H. Hood; Stephen W. Hopkins; Clyde
L. Howard, Jr.; Kevin G. Hughes; Harvey R. Hurst; Sam P.
Hyatt; John L. Irby; Mattie B. Ives; Francis Jacobs;
Richard L. Jarrett; Jacqueline M. Jennings; Woodrow W.
Jones; Donald L. Jorgenson; Kenneth R. Joseph; Patsie W.
Joseph; Everette R. Keller; Bernard J. Kelley; Wilson P.
Kemp; Howard Lee Kerr; Margaret C. Kerr; William S.
Ketner; David L.G. King; Thomas M. King, Jr.; John E.
Kirk; Paul E. Kirkland, Sr.; Evelyn W. Kinney; Raymond B.
Kleber; George M. Knobl, Jr.; William F. Knopf; Max V.
Krebbs; William J. Kuhn, Jr.; James M. Langston, Jr.; Jan
W. Langston; Elmer L. Lashua; John L. Latham; Daniel M.
Lauderback; August R. Lawrence; Frieda H. Lewis; Norwood
P. Lewis; Henry G. Liles; Dorothy J. Liles; Walter E.
Linthicum; Phyllis V. Lippard; George Lott; Robert P.
Lucas; Allen M. Mabe; Thomas S. Maceluch; William F.
Marcuson, Jr.; Warner G. Maupin; Lylton E. Maxwell;
Oliver A. Mays; Samuel S. McCachren; Elizabeth S.
McCaskill; Aileen S. McCraw; Elizabeth G. McDonald; Clyde
W. McGirk; Donald D. McGuire; Norman H. McLaughlin; Doy
K. McPhail; William Ray Medlin, Jr.; Ernest E. Miller;
Margaret H. Miller; Edgar N. Millington; Harold J.
Mitchiner; Eugene E. Moody; Dorothy C. Moore; James C.
Moore, Jr.; Lucie Moorman; Robert M. Moose; Jack B.
Morris; Regena E. Morrison; Stanley B. Morse; Woodford T.
Moseley; George R. Muse; R.J. Nettles; Thomas G. Newport;
John E. Nitsche; Alfred P. Norwood; Johnnie M. Ochoa;
Elvin E. Oglesby; Oliver G. Oja; Russell E. Olson; Lloyd
A. Osborne; Paul B. Osgood; William C. Page; Lee R.
Paramore; Lewis W. Pate; Charles R. Patton; Vernon J.
Pebbles; W.W. Pegues; Mary E. Penn; John D. Penn;
Elliotte T. Perkins, Jr.; William H. Perry, Jr.; Frank J.
Piazza, Sr.; Jesse G. Pickering, III; Paul J. Phillippi;
Richard L. Phillips; Ruby A. Phillips; Dallas Pickard,
Jr.; George A. Pinter; Edward W. Piper; Frederick H.
Pless; R.F. Hoke Pollock; Lewington S. Ponder; Elbert Y.
Poole; Jennette C. Poole; Martha Boyce Poteat; Edwin H.
Price; Charles R. Pugh; Daniel J. Quesenberry; Milton H.
Quinn; Louise M. Rabbino; Thomas M. Ramsey; Jack G. Ray;
Marshall G. Ray; Hazel S. Redmon; George R. Reinhart, III;
Annie E. Renkel; Madge O. Reynolds; Franklin E.
Richardson, Jr.; Allen W. Rigsby; George M. Roberts;
Jennings B. Robinson; James P. Roth; Phifer P. Rothman;
Harold E. Ruble; Hilda H. Rultenberg; Donald E. Russell;
George W. Sabo; Lyle E. Samson; Robert L. Scheer;
Frederick L. Schuermann, Sr.; Robert J. Schullery; Elwood
M. Shaulis; Robert T. Sheridan; Stanley T. Shipley;
Charles B. Shiveley; Charles A. Shue, Jr.; Ruth M. Shue;
Elsie N. Simmons; Frederick E. Simmons; Mary B. Simpson;
Manuel F. Siverio; Joseph A. Sizoo; Evelyn S. Smith;
George B. Smith; James A. Smith; James E. Smith; James P.
Smith; Joe F. Smith; Percy H. Smith; Joseph L. Sommer;
Ray H. Spangler; James A. Sprankle; Wiley L. Standifer,
Jr.; James W. Starbuck; Gertrude D. Starling; Stacy J.
Starling; Henry C. Steed, Jr.; Roy C. Steeley; Arthur L.
Stewart; Burlena J. Stewart; John R. Stewart, Jr.; George
W. Stillway; Rita M. Stillway; Harold E. Stone; Clyde
Dalton Stowe; Harry H. Strunk; E.C. Stumpf; Ellis G.
Sumner; Leo B. Sumner; Mildred Y. Sumner; Margaret K.
Swink; James E. Sykes; Oliver B. Talbert; James D.
Terrell; Clyde E. Thompson; Emogene M. Thompson; Fred L.
Tracy; Rocco H. Trombello; John G. Truitt, Jr.; William
H. Turk; James T. Vance; Ethel D. Vanhorn; Edward J.
Vaughn; Edward Venkler; Roy L. Vick, Sr.; Kermit J.
Vinson; Myrtle H. Vinson; William E. Wade; Floyd H.
Waldrop; Wanda E. Wallace; Roland J. Weber; Grace F.
Weiner; Lona C. Weisner; Lawrence D. Welch; Paul B.
Welch, Jr.; George L. Westerlind; William B. White; T.M.
Whittington, Jr.; George W. Wilkins; Robert S. Williams,
Jr.; William C. Williams; Winton H. Williams; Harold P.
Williamson; Edna Mae Wilson; Robert Graves Wilson, Jr.;
Ernest G. Winston; Peter S. Wondolowski; Robert V. Wood;
Maynard B. Woodbury; Evelyn W. Woodbury; Jack R. Worley;
John T. Worrell; George T. Worrell; George E. Yale, Jr.;
William P. Yarborough; Charles L. Berry; Robert D. Lennon;
Zebulon V. Moseley, III; Gary W. O'Neal; Milton S. Price;
Martin L. Dpeicher; Paul H. Turney, Plaintiffs-Appellants,
v.
Janice H. FAULKNER, Secretary of the North Carolina
Department of Revenue; Harlan E. Boyles,
Treasurer of the State of North
Carolina; North Carolina
Department of Revenue,
Defendants-
Appellees.
Norman W. SWANSON; William H. Talbert; Robert B. Campbell;
Billy Clark; Charles A. Dancy; Wallace M. Davis; William
E. Denton; Galena Elworth; Melvin F. Eyerman; Hamilton M.
Howe; Ralph P. Hunt; Henry F. Murray; William E.
Nicholson, III; Robert A. Nisbet; John L. Powell, Jr.;
Donald V. Wallace; Mary L. Pritchard; Carl L. Whitney;
Ira N. Schwarz; Grady L. Strange; Walter J. Bartnikowski;
Marion B. Zollicoffer; Browning Adams; Pritchard C. Adams;
William H. Adams; Edward H. Allen; Flossie P. Allen;
Joseph A. Allen; Rachel C. Allred; Helen L. Anctil; Leo
I. Anctil; Ronald E. Anderson; Clarence P. Armstrong;
Carroll W. Austin; F.L. Austin, Jr.; Donald P. Bahr; Paul
Ballus; Charles D. Barker, Sr.; Walter E. Barkhouse;
Edward C. Barret; James L. Baxter; Russell W. Beard;
Bernard L. Beatty; Richard K. Bell; Leo E. Benade;
Sherman W. Betts; Joseph H. Betz; Robert L. Blevins;
Franklin M. Blunt; Timothy C. Bolick; Margaret C. Boone;
Henry A. Botkin; Alex Bourdas; Ola May Bovender, a/k/a Ola
May Tate; Eugene A. Bowen; Lavaune K. Breda; Marlowe G.
Breda; Trond G. Brekke; Laura B. Brendle; Millard
Bridgers; Clarence M. Bridges; Doris K. Bridges; Cyrus H.
Brooks, Jr.; Daniel R. Brown; K.A. Brown; William D.
Brown; Betty P. Bullock; Robert S. Bullock; Findley
Burns, Jr.; Ray G. Burrell; Richard E. Bush; James M.
Byrne; Norman L. Carlton; Matthew E. Carmean; Frank
Cates; J. Crawford Caton; Harry E. Chamberlain; Vincent
H. Chase; Paul F. Chavez; Woodrow H. Childress; John G.
Church; Herman L. Clanton; Robert L. Clarke; Charles C.
Clausen, Sr.; Dennis E. Cleckner; Steve P. Clemenic; Lacy
W. Coates; Rucia A. Cobb; James A. Coddington; Catheryn
S. Coley; Laura K. Conder; James C. Conine; Marshall G.
Cooper; Asbury Coward, III; Newton P. Cox; Ruth A. Cox;
Burnett E. Creasman; Thomas J. Culkin; Hazel B. Curlee;
Milton L. Dial; Beatrice G. Davis; Bernley S. Davis;
Donald M. Davis; Essie M. Davis; George E. Davis; Robert
J. Davis; Clifford H. Dawson; Calvin F. Dean; Orien G.
Dean, Jr.; Jack M. Deaton; Violet B. Deitmaring; Arlen J.
Devito; John E. Devlyn; Sara E. Devlyn; Joy E. Dickinson;
Mrs. Leroy B. Dickinson; James E. Diffee; Delbert R.
Dillion; Margaret H. Dopf; Raymond E. Dopf; Leroy M.
Duffy; Charles F. Dupont; Bobby R. Eason; David Edmisten;
Carl F. Effler; John H. Elder, Jr.; John R. Ellis;
Manford G. Farr; Rita Festo; John J. Filan; Angelo A.
Florentino; Robert W. Folden; Oscar F. Fowler; Melvin W.
Fritz; Walton E. Fulcher; Robert C. Fuller; Walter E.
Fuller; Frank W. Furches; Norman Carl Gaddis; Marshall L.
Gaddy; Thomas B. Gardiner; Robert F. Geissler; William E.
Gentner, Jr.; Thomas P. Ginn; Robert W. Goodman; John R.
Gordon; Bernice C. Grandy, Jr.; Steven W. Grandy; Robert
J. Green; Michael R. Greeson; James H. Griffin; Thomas M.
Groome, Jr.; James W. Gross; Arthur S. Gunderson; Hert L.
Hancock, Jr.; James M. Hardin; C. Lee Harris; Howard W.
Harris; Paul H. Harvey; Roland R. Hatcher; Henry S.
Heffley, Jr.; Carroll A. Hefner; Clarence J. Hensley, Jr.;
Richard M. Heriot; Doris T. Herring; Novis S. Herring;
Virginia R. Hildebrand; Mozelle L. Hinshaw; Herman J.
Hipps; Rufus M. Hodgin; Donald R. Hoffman; Charles K.
Hoffmeyer; Mary R. Holland; Edgar P. Holt; Ray Homeslely;
Ned A. Hood; Robert H. Hood; Stephen W. Hopkins; Clyde
L. Howard, Jr.; Kevin G. Hughes; Harvey R. Hurst; Sam P.
Hyatt; John L. Irby; Mattie B. Ives; Francis Jacobs;
Richard L. Jarrett; Jacqueline M. Jennings; Woodrow W.
Jones; Donald L. Jorgenson; Kenneth R. Joseph; Patsie W.
Joseph; Everette R. Keller; Bernard J. Kelley; Wilson P.
Kemp; Howard Lee Kerr; Margaret C. Kerr; William S.
Ketner; David L.G. King; Thomas M. King, Jr.; John E.
Kirk; Paul E. Kirkland, Sr.; Evelyn W. Kinney; Raymond B.
Kleber; George M. Knobl, Jr.; William F. Knopf; Max V.
Krebbs; William J. Kuhn, Jr.; James M. Langston, Jr.; Jan
W. Langston; Elmer L. Lashua; John L. Latham; Daniel M.
Lauderback; August R. Lawrence; Frieda H. Lewis; Norwood
P. Lewis; Henry G. Liles; Dorothy J. Liles; Walter E.
Linthicum; Phyllis V. Lippard; George Lott; Robert P.
Lucas; Allen M. Mabe; Thomas S. Maceluch; William F.
Marcuson, Jr.; Warner G. Maupin; Lylton E. Maxwell;
Oliver A. Mays; Samuel S. McCachren; Elizabeth S.
McCaskill; Aileen S. McCraw; Elizabeth G. McDonald; Clyde
W. McGirk; Donald D. McGuire; Norman H. McLaughlin; Doy
K. McPhail; William Ray Medlin, Jr.; Ernest E. Miller;
Margaret H. Miller; Edgar N. Millington; Harold J.
Mitchiner; Eugene E. Moody; Dorothy C. Moore; James C.
Moore, Jr.; Lucie Moorman; Robert M. Moose; Jack B.
Morris; Regena E. Morrison; Stanley B. Morse; Woodford T.
Moseley; George R. Muse; R.J. Nettles; Thomas G. Newport;
John E. Nitsche; Alfred P. Norwood; Johnnie M. Ochoa;
Elvin E. Oglesby; Oliver G. Oja; Russell E. Olson; Lloyd
A. Osborne; Paul B. Osgood; William C. Page; Lee R.
Paramore; Lewis W. Pate; Charles R. Patton; Vernon J.
Pebbles; W.W. Pegues; Mary E. Penn; John D. Penn;
Elliotte T. Perkins, Jr.; William H. Perry, Jr.; Frank J.
Piazza, Sr.; Jesse G. Pickering, III; Paul J. Phillippi;
Richard L. Phillips; Ruby A. Phillips; Dallas Pickard,
Jr.; George A. Pinter; Edward W. Piper; Frederick H.
Pless; R.F. Hoke Pollock; Lewington S. Ponder; Elbert Y.
Poole; Jennette C. Poole; Martha Boyce Poteat; Edwin H.
Price; Charles R. Pugh; Daniel J. Quesenberry; Milton H.
Quinn; Louise M. Rabbino; Thomas M. Ramsey; Jack G. Ray;
Marshall G. Ray; Hazel S. Redmon; George R. Reinhart, III;
Annie E. Renkel; Madge O. Reynolds; Franklin E.
Richardson, Jr.; Allen W. Rigsby; George M. Roberts;
Jennings B. Robinson; James P. Roth; Phifer P. Rothman;
Harold E. Ruble; Hilda H. Rultenberg; Donald E. Russell;
George W. Sabo; Lyle E. Samson; Robert L. Scheer;
Frederick L. Schuermann, Sr.; Robert J. Schullery; Elwood
M. Shaulis; Robert T. Sheridan; Stanley T. Shipley;
Charles B. Shiveley; Charles A. Shue, Jr.; Ruth M. Shue;
Elsie N. Simmons; Frederick E. Simmons; Mary B. Simpson;
Manuel F. Siverio; Joseph A. Sizoo; Evelyn S. Smith;
George B. Smith; James A. Smith; James E. Smith; James P.
Smith; Joe F. Smith; Percy H. Smith; Joseph L. Sommer;
Ray H. Spangler; James A. Sprankle; Wiley L. Standifer,
Jr.; James W. Starbuck; Gertrude D. Starling; Stacy J.
Starling; Henry C. Steed, Jr.; Roy C. Steeley; Arthur L.
Stewart; Burlena J. Stewart; John R. Stewart, Jr.; George
W. Stillway; Rita M. Stillway; Harold E. Stone; Clyde
Dalton Stowe; Harry H. Strunk; E.C. Stumpf; Ellis G.
Sumner; Leo B. Sumner; Mildred Y. Sumner; Margaret K.
Swink; James E. Sykes; Oliver B. Talbert; James D.
Terrell; Clyde E. Thompson; Emogene M. Thompson; Fred L.
Tracy; Rocco H. Trombello; John G. Truitt, Jr.; William
H. Turk; James T. Vance; Ethel D. Vanhorn; Edward J.
Vaughn; Edward Venkler; Roy L. Vick, Sr.; Kermit J.
Vinson; Myrtle H. Vinson; William E. Wade; Floyd H.
Waldrop; Wanda E. Wallace; Roland J. Weber; Grace F.
Weiner; Lona C. Weisner; Lawrence D. Welch; Paul B.
Welch, Jr.; George L. Westerlind; William B. White; T.M.
Whittington, Jr.; George W. Wilkins; Robert S. Williams,
Jr.; William C. Williams; Winton H. Williams; Harold P.
Williamson; Edna Mae Wilson; Robert Graves Wilson, Jr.;
Ernest G. Winston; Peter S. Wondolowski; Robert V. Wood;
Maynard B. Woodbury; Evelyn W. Woodbury; Jack R. Worley;
John T. Worrell; George T. Worrell; George E. Yale, Jr.;
William P. Yarborough; Charles L. Berry; Robert D. Lennon;
Zebulon V. Moseley, III; Gary W. O'Neal; Milton S. Price;
Martin L. Dpeicher; Paul H. Turney, Plaintiffs-Appellees,
v.
Janice H. FAULKNER, Secretary of the North Carolina
Department of Revenue; Harlan E. Boyles,
Treasurer of the State of North
Carolina; North Carolina
Department of Revenue,
Defendants-Appellants.
 Nos. 94-1971, 94-2022.
 United States Court of Appeals,
Fourth Circuit.
 Argued March 6, 1995.
Decided June 5, 1995.
 
 ARGUED: Robert E. Fields, III, Womble, Carlyle, Sandridge & Rice, P.L.L.C., Raleigh, NC, for appellants. Thomas Frederick Moffitt, Sp. Deputy Atty. Gen., North Carolina Dept. of Justice, Raleigh, NC, for appellees. ON BRIEF: G. Eugene Boyce, William C. Raper, Keith W. Vaughan, Womble, Carlyle, Sandridge & Rice, P.L.L.C., Raleigh, NC, Charles H. Taylor, Winston-Salem, NC, for appellants. Michael F. Easley, Atty. Gen. of North Carolina, Edwin M. Speas, Jr., Sr. Deputy Atty. Gen., Norma S. Harrell, Sp. Deputy Atty. Gen., Marilyn R. Mudge, Asst. Atty. Gen., North Carolina Dept. of Justice, Raleigh, NC, for appellees.
 Before WILKINSON and WILKINS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 Affirmed by published opinion. Senior Judge SPROUSE wrote the opinion, in which Judge WILKINSON and Judge WILKINS joined.
 OPINION
 SPROUSE, Senior Circuit Judge:
 
 
 1
 Until 1989, the State of North Carolina fully exempted state pension benefits from taxable income but exempted only the first $3,000 of federal pension benefits. Plaintiffs, retired federal employees[1] who sought refunds for overpayments made under this unconstitutional tax scheme,[2] were denied relief by North Carolina tax authorities on the basis of their failure to comply with the time limitations of a state statute providing for refunds. Plaintiffs then brought this Sec. 1983 class action two weeks after the Supreme Court, in Davis v. Michigan Dep't of Treasury, 489 U.S. 803, 109 S.Ct. 1500, 103 L.Ed.2d 891 (1989), declared unconstitutional the type of taxation employed by North Carolina. In demanding declaratory, injunctive, and monetary relief, they asserted that the time limitations for claiming refunds contained in N.C.Gen.Stat. Sec. 105-267 (1992) ("Sec. 267") deprived them of their federal constitutional right to due process of law.[3] They now appeal the district court's grant of summary judgment against them in favor of North Carolina and its taxing authorities ("the State"). The court ruled that an earlier state court judgment involving the same parties and the same issues precluded it from acting on plaintiffs' claims. Because we believe full faith and credit principles compelled the district court's decision, we affirm.
 
 
 2
 * Until Davis, North Carolina and twenty-two other states taxed state pensioners more favorably than federal pensioners. After Davis, North Carolina promptly revised its tax scheme to comport prospectively with the Supreme Court's holding. In this litigation, the State does not deny that its previous practice violated the Davis principle.[4] Nor do plaintiffs contest North Carolina's current income tax system. Instead, the present dispute focuses on the State's procedure by which taxpayers may obtain refunds for excessive payments under the prior tax system. Under North Carolina General Statute Sec. 267, supra note 3, the taxpayer must first pay the assessed tax and then file a written demand for refund with the Secretary of Revenue within thirty days. If the Secretary fails to issue a refund within ninety days, Sec. 267 provides that the taxpayer may bring a refund action in state court within three years of the end of the ninety-day period. This is the sole resort for a taxpayer seeking to challenge the legality of a state tax. By contrast, the immediately preceding section of the state tax code, Sec. 266.1,[5] provides the avenue for recovering an excessive amount paid because of a clerical or mathematical error and does not contain the initial thirty-day limitation period. Coca-Cola Co. v. Coble, 293 N.C. 565, 238 S.E.2d 780, 782-83 (1977). So, it is clear under North Carolina law that under Sec. 267 a refund demand must be made within thirty days after paying the illegal tax. It is equally clear that under Sec. 266.1 a taxpayer can apply for a refund within three years of the tax return deadline if the erroneous assessment was due to a clerical or mathematical error--unhindered by the thirty-day requirement.
 
 
 3
 Plaintiffs contend that the State published tax bulletins and instruction booklets informing them that any request for refund could be filed within three years. They could not discern, they claim, that this information related only to filings under Sec. 266.1 because the State's publications simply ignored Sec. 267. The plaintiffs emphasize that the State did not publicize the existence of Sec. 267 until four days before the filing deadline for the 1988 tax year (approximately two weeks after Davis ). By this time, more than thirty days had passed from the time many plaintiffs had filed their tax returns. As a consequence, the thirty-day demand requirement of Sec. 267 barred them from receiving refunds.
 
 
 4
 In their federal complaint, plaintiffs requested full and immediate refunds for all overpayments. They essentially argue that the State's application of Sec. 267, particularly in light of the misinformation provided them, violated their constitutional right to due process of law. Here, as in the court below, the State asserts that all plaintiffs' claims are barred by the Eleventh Amendment, the federal Tax Injunction Act, principles of comity, and plaintiffs' failure to comply with Sec. 267.
 
 
 5
 In an order filed in August of 1990, the district court denied the State's motion to dismiss. The court held it had jurisdiction despite the Tax Injunction Act and principles of comity[6] because the state remedy was not "plain, speedy, and efficient." It retained the declaratory and injunctive portions of the action but held that the Eleventh Amendment barred plaintiffs' claims for monetary relief.
 
 
 6
 After an appeal to this court unrelated to the matters before us now, plaintiffs' federal action remained dormant while they pursued a refund action in the North Carolina courts. The North Carolina Supreme Court initially dismissed plaintiffs' claims, holding Davis did not apply retroactively. Swanson v. North Carolina ("Swanson I "), 329 N.C. 576, 407 S.E.2d 791, adhered to on reh'g, Swanson v. North Carolina ("Swanson II "), 330 N.C. 390, 410 S.E.2d 490 (1991). The United States Supreme Court vacated and remanded in light of Harper v. Virginia Dep't of Taxation, --- U.S. ----, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993), which held Davis applies retroactively.
 
 
 7
 At this point, plaintiffs sought to resuscitate their federal action, moving for an entry of final judgment enjoining defendants "from further denial of refunds to plaintiffs." The State responded by asking the district court to deny the motion and to hold that the Eleventh Amendment barred even declaratory or injunctive relief. The State also moved the court to reconsider its 1990 Tax Injunction Act ruling. Ultimately, both parties moved for summary judgment.
 
 
 8
 While these motions were pending in federal court, the North Carolina Supreme Court upheld the State's application of Sec. 267 and denied plaintiffs' requested refunds. In reversing the state trial court's grant of summary judgment in plaintiffs' favor, it ruled that Sec. 267 satisfied due process. Swanson v. North Carolina ("Swanson III "), 335 N.C. 674, 441 S.E.2d 537, cert. denied, --- U.S. ----, 115 S.Ct. 662, 130 L.Ed.2d 598 (1994). Swanson III also rejected plaintiffs' argument that the federal district court's 1990 Tax Injunction Act order should have precluded the state court's holding concerning due process. The state supreme court reached this decision by concluding that the federal order had no preclusive effect because it was not "final."
 
 
 9
 After the North Carolina Supreme Court ruling, the district court entered summary judgment in favor of the State on the plaintiffs' federal claims. It held that Swanson III 's due process ruling precluded a different result in federal court. The district court, however, denied both the State's motion to dismiss based on the Eleventh Amendment and its motion to reconsider the court's Tax Injunction Act ruling. Plaintiffs then moved for reconsideration, contending sequentially that the court misapplied the doctrine of issue preclusion, that the Eleventh Amendment did not prevent the court from granting relief, and that their noncompliance with Sec. 267 was immaterial because Sec. 267, constituting a state administrative burden upon a federal right, is inapplicable to Sec. 1983 actions. The court denied the motion.
 
 
 10
 Plaintiffs appeal the district court's final judgment and its denial of their motion to reconsider. The State cross-appeals, citing as error the district court's ruling that plaintiffs' action was not barred by the Eleventh Amendment and its ruling that the Tax Injunction Act did not preclude federal jurisdiction.
 
 II
 
 11
 In considering the propriety of the district court's grant of summary judgment, we apply de novo review, employing the same standards used by the district court. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir.1991), cert. denied, 502 U.S. 1095, 112 S.Ct. 1172, 117 L.Ed.2d 417 (1992). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The court must resolve all reasonable inferences in favor of the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).
 
 
 12
 Plaintiffs' appeal essentially rests on their contention that the district court erred in granting summary judgment on the basis of issue preclusion.[7] They assert that the state court should have been precluded from deciding the due process issue in the State's favor because the federal district court had, in effect, already decided the due process issue in their favor when it resolved the federal Tax Injunction Act question in its 1990 order. In plaintiffs' view, the district court's earlier holding that Sec. 267 was not "plain, speedy and efficient" in the Tax Injunction Act context foreclosed the state court's later holding that Sec. 267 was a "clear and certain" remedy as required by due process. Citing McKesson v. Division of Alcoholic Beverages and Tobacco, 496 U.S. 18, 31, 110 S.Ct. 2238, 2247, 110 L.Ed.2d 17 (1990), plaintiffs point out that to satisfy due process, the state's remedy must be "clear and certain," so as to "insure that the opportunity to contest the tax is a meaningful one." Id. at 39, 110 S.Ct. at 2251. The Tax Injunction Act deprives federal district courts of jurisdiction to hear any case involving state taxation unless the state fails to provide a "plain, speedy and efficient remedy." 28 U.S.C.A. Sec. 1341 (West 1993). In its 1990 order, the district court held that it was not deprived of jurisdiction because the State's misapplication of Sec. 267 rendered the plaintiffs' remedy too "uncertain" to be considered "plain, speedy and efficient." It noted that, by misapplying Sec. 267, the State had "deprived the plaintiffs of a full hearing and judicial determination of their claims."
 
 
 13
 Emphasizing this district court finding, plaintiffs urge that a putative remedy, such as the one offered by Sec. 267, which fails to meet the "plain, speedy and efficient" standard of the Tax Injunction Act cannot provide them with a meaningful opportunity to litigate their claims as required by the due process clause. They argue that this is particularly true here because the federal court finding of "uncertainty" cannot be reconciled with the state court determination that the same remedy was "clear and certain." The district court, plaintiffs continue, was not obliged to give the state court's Swanson III judgment preclusive effect because the state court failed to give preclusive effect to the district court's 1990 order.
 
 
 14
 The State of North Carolina stresses on appeal that the North Carolina Supreme Court correctly determined that it was not bound by the 1990 federal court order because that order was not final. It also, of course, counters plaintiffs' argument that the 1990 order effectively decided the due process issue.[8] Finally, it opines that Parsons Steel, Inc. v. First Alabama Bank, 474 U.S. 518, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986), requires full faith and credit recognition of the North Carolina Supreme Court's decision in Swanson III, even if incorrect.
 
 
 15
 We certainly agree with the State's reliance on Parsons. In fact, both parties tend to underestimate its force. In Parsons, a state court decided an earlier ruling by a federal district court did not preclude it from reaching the merits. Subsequently the district court declined to give preclusive effect to the state court's preclusion decision, instead judging for itself the preclusive force of its earlier ruling and enjoining the plaintiffs from further prosecuting the state action. The Eleventh Circuit affirmed. The Supreme Court reversed, holding that a state court's decision on preclusion is entitled to the same full faith and credit deference as any other decision. Parsons, 474 U.S. at 525, 106 S.Ct. at 772. In our view, a straightforward application of Parsons disposes of plaintiffs' arguments. In Swanson III, the North Carolina Supreme Court considered whether it was precluded by the prior federal court order and decided it was not. The Parsons principle makes this determination, even if erroneous, binding on the federal district court.
 
 
 16
 Citing American Postal Workers Union v. United States Postal Serv., 736 F.2d 317, 319 (6th Cir.1984), however, plaintiffs argue that the federal district court has the power to follow its 1990 order and ignore Swanson III because it, in effect, decided the due process issue before the North Carolina state court decided that issue. We are not persuaded. In the first place, the Sixth Circuit, in Postal Workers, considered circumstances unlike those here. It weighed and resolved a conflict between rulings of two federal district courts. In our view, however, even if Postal Workers had involved a conflict between a state court and a federal district court, Parsons would have overruled that decision.[9] In a nutshell, Parsons dictates that full faith and credit principles require a federal court to recognize a state court's prior resolution of preclusion issues just as a state court is bound to respect a federal court's prior rulings with respect to preclusion. Under Parsons, if plaintiffs believed that the state court's preclusion ruling was erroneous, their remedy was an appeal to the United States Supreme Court, not an action in the lower federal courts.
 
 
 17
 The federal district court then was required to give the same preclusive effect to the North Carolina Supreme Court ruling as would the courts of that state. Dionne v. Mayor and City Council of Baltimore, 40 F.3d 677, 682 (4th Cir.1994) (federal courts apply state preclusion rules to determine whether a prior state court decision has preclusive effect). Left for determination, then, is whether the district court, under North Carolina law, correctly found itself precluded by the state court's Swanson III due process decision. In North Carolina, issue preclusion applies when the following requirements are met:
 
 
 18
 (1) The issues to be concluded must be the same as those involved in the prior action; (2) in the prior action, the issues must have been raised and actually litigated; (3) the issues must have been material and relevant to the disposition of the prior action; and (4) the determination made of those issues in the prior action must have been necessary and essential to the resulting judgment.
 
 
 19
 Beckwith v. Llewellyn, 326 N.C. 569, 391 S.E.2d 189, 191 (1990) (quoting King v. Grindstaff, 284 N.C. 348, 200 S.E.2d 799, 806 (1973)).
 
 
 20
 We conclude that the district court correctly applied these rules. The issue it found precluded--whether Sec. 267 satisfied the McKesson due process test as a meaningful post-deprivation remedy--was the same as that decided by the North Carolina Supreme Court in Swanson III. Both parties aggressively litigated this in state court. The due process determination was not only material and relevant to the state court judgment, but necessary and essential as well. Indeed, plaintiffs' argument that Sec. 267 fell short of constitutional due process standards comprised the linchpin of their case. We are easily persuaded that the state court decision satisfied all four of North Carolina's requirements for issue preclusion.
 
 
 21
 We also reject plaintiffs' alternative argument, citing Felder v. Casey, 487 U.S. 131, 138, 108 S.Ct. 2302, 2307, 101 L.Ed.2d 123 (1988), that the Supremacy Clause bars the application of Sec. 267 because it "conflicts in both its purpose and effects with the remedial objectives of Sec. 1983." Felder reversed a Wisconsin Supreme Court decision that applied the time limitation of a state notice-of-claim statute to Sec. 1983 actions. Here, it was not the Sec. 1983 action that was barred by the Sec. 267 time limitation, but state administrative relief.
 
 III
 
 22
 Finally, plaintiffs contend that the district court's final order was overbroad because it ignored those taxpayers who complied with Sec. 267 and still were denied relief. Plaintiffs support this claim with documentation from several taxpayers thus affected. The State responds by admitting that administrative problems have resulted in long delays for some refunds, but adds that these claims now will be promptly reviewed and appropriate action taken. We are influenced in accepting this assurance by our view that such administrative dalliance does not rise to a constitutional level.
 
 
 23
 Ruling in favor of the State, we need not reach the issues presented by its cross-appeal. The judgment of the district court is affirmed.
 
 
 24
 AFFIRMED.
 
 
 
 [1]
 Plaintiffs are divided into two classes. The retired federal employees are termed "Class A plaintiffs." Also joined in this action are North Carolina taxpayers who, in the relevant time frame, were active duty military personnel or reservists ("Class B plaintiffs"). The claims of the Class B plaintiffs will be described in more detail infra note 4
 
 
 [2]
 In Davis v. Michigan Dep't of Treasury, 489 U.S. 803, 109 S.Ct. 1500, 103 L.Ed.2d 891 (1989), the United States Supreme Court ruled unconstitutional a state statute giving state retirement income more favorable tax exemption treatment than federal retirement income. In Harper v. Virginia Dep't of Taxation, --- U.S. ----, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993), the Supreme Court ruled that Davis applied retroactively
 
 
 [3]
 Section 267 provides, in pertinent part:
 Whenever a person shall have a valid defense to the enforcement of the collection of a tax assessed or charged against him or his property, such person shall pay such tax to the proper officer, and such payment shall be without prejudice to any defense of rights he may have in the premises. At any time within 30 days after payment, the taxpayer may demand a refund of the tax paid in writing from the Secretary of Revenue and if the same shall not be refunded within 90 days thereafter, may sue the Secretary of Revenue in the courts of the State for the amount so demanded. Such suit may be brought [in state court] ... at any time within three years after the expiration of the 90-day period allowed for making the refund. If upon the trial it shall be determined that such a tax or any part thereof was levied or assessed for an illegal or unauthorized purpose, or was for any reason invalid or excessive, judgment shall be rendered therefor, with interest ...
 N.C.Gen.Stat. Sec. 105-267 (1992).
 
 
 [4]
 The State concedes its prior tax scheme violated the constitutional rights of Class A plaintiffs, but argues Class B plaintiffs were not so affected. While taxation of Class A plaintiffs is indistinguishable from that of the prevailing Davis plaintiffs, Class B plaintiffs cite Davis only by analogy. They claim that the State's former practice of granting a $1,500 annual income tax exclusion to members of the North Carolina National Guard while providing no exclusion for active duty military personnel and reservists unconstitutionally favored income derived from a state source over that derived from a federal source (members of the North Carolina National Guard are compensated primarily by the federal government, but receive a small portion of their pay from the state). While we express no opinion as to the merits of this dispute, we will assume arguendo that Class B plaintiffs were unconstitutionally taxed. Therefore, we may consider the two classes of plaintiffs as one for purposes of this appeal
 
 
 [5]
 In pertinent part, Sec. 266.1 provides:
 (a) Any taxpayer may apply to the Secretary of Revenue for refund of tax or additional tax paid by him at any time within three years after the date set by the statute for filing of the return or application for a license or within six months from the date of payment of such tax or additional tax, whichever is later. The Secretary shall grant a hearing thereon, and if upon such hearing he shall determine that the tax is excessive or incorrect, he shall resettle the same according to the law and the facts, and adjust the computation of tax accordingly.
 N.C.Gen.Stat. Sec. 105-266.1 (1992).
 
 
 [6]
 The court treated the Tax Injunction Act as essentially codifying principles of comity in this area, an interpretation neither party disputes
 
 
 [7]
 In conformity with the modern trend, we use the term "issue preclusion" instead of the older "collateral estoppel." See Robi v. Five Platters, Inc., 838 F.2d 318, 321 n. 2 (9th Cir.1988); Carter v. City of Emporia, 815 F.2d 617, 619 n. 2 (10th Cir.1987); Wade v. City of Pittsburgh, 765 F.2d 405, 408 (3d Cir.1985); 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure Sec. 4402 (1981). Cf. Kutzik v. Young, 730 F.2d 149, 150 n. * (4th Cir.1984) (expressing preference for term "claim preclusion" instead of "res judicata")
 
 
 [8]
 The finality and identity of issues arguments were extensively briefed by both parties. Both arguments concern the question of whether the North Carolina Supreme Court should have found itself precluded by the 1990 order and the concomitant question of whether that contended failure relieved the federal district court of the obligation to give full faith and credit to the North Carolina Supreme Court's decision on due process. As we note, infra, Parsons requires that even an erroneous state court ruling concerning preclusion is entitled to full faith and credit. As a result, we do not consider the controversies surrounding the nature of the 1990 order
 
 
 [9]
 Parsons was decided some two years after Postal Workers